### GYRE *vs.* CULVER.

Where one has unlawfully entered upon the premises of another and possessed himself of the goods of the owner, such owner, or his agent, may while upon his own premises prevent the wrongdoer from taking such goods away, and may lawfully use so much force as may be necessary to retain his property and prevent its removal out of his custody and beyond his reach.

The law does not oblige the owner of property to stand idly by and see a thief or trespasser take his property from his premises, or limit him to mere verbal remonstrance.

He may act promptly.　Whether he may use force or not in the first instance, and what degree of force, depends upon the exigencies of the particular case.

The mere taking of the property by the owner, under such circumstances, from the custody of the wrongdoer, without other force or violence, will not constitute an assault and battery.

If the taking, or the attempt to take, is resisted by the trespasser, and he persists in his attempts to retain possession and carry the property off, then the owner may lawfully use so much additional force as may be necessary to prevent it.

THIS is an appeal by the plaintiff from an order granting a new trial.　The action was for assault and battery. The defense was that the plaintiff was trespassing on the defendant's land, or land of John Culver, of which he had charge as agent for the owner, stealing wood ; that he ordered her off the premises ; that she refused to go, and that the defendant thereupon ejected her, using no more force than was necessary—which is the assault and battery complained of.

Gyre *v.* Culver.

On the trial the defendant gave evidence tending to establish this defense. The court charged the jury " the defendant is strictly or technically liable to respond in this action. Any such interference with her person can not be justified even if she was trespassing, &c." To this the defendant excepted. The defendant thereupon also requested the court to charge that if the plaintiff was trespassing upon the farm of the defendant's father at the time of the taking of the wood in question, and if on being required to leave the premises, the plaintiff refused, the defendant had a right to use sufficient force to eject her from the premises, and that if he used no more force than was sufficient for the purpose, the plaintiff was not entitled to recover. The court refused so to charge, and the defendant excepted.

The court further charged the jury to " find for the plaintiff such a verdict as you think will be just and proper," and they found $100.

*C. Jordan,* for the appellants.

*E. Harris,* for the respondent.

*By the Court,* JOHNSON, J. I am of the opinion that the new trial in this case was properly granted. Where one person has unlawfully entered upon the premises of another and possessed himself of the goods of the owner, such owner, or his agent, may surely, while upon his own premises, prevent the wrongdoer from taking such goods away, and may lawfully use so much force as may be necessary to retain his property and prevent its removal out of his custody and beyond his reach. The law does not oblige the owner of property to stand idly by and see a thief or trespasser take his property from his premises, or limit him to mere verbal remonstrance. He may act promptly, and whether he may use force or not in the first instance, and what degree of force, depends upon the exigency of the particular case. The mere

Gyre *v.* Culver.

taking of the property by the owner, under such circumstances, from the custody of the wrongdoer, without other force or violence, would not constitute an assault and battery. If the taking, or the attempt to take, is resisted by the trespasser, and he persists in his attempts to retain possession, and carry the property off, then the owner may lawfully use so much additional force as may be necessary to prevent it. Such being the rule of law, both the charge and the refusal to charge as requested, were erroneous. The learned judge charged the jury that the defendant was not justifiable in using the force he did, conceding his own version of the matter to be in all respects correct. The evidence was conflicting, and the difference between the plaintiff's version of the affair and that of the defendant was quite marked, if not wholly irreconcilable. But, upon the hypothesis of the entire correctness of the defendant's testimony, it clearly can not be said, as matter of law, that any unnecessary or unjustifiable force was used to prevent the removal of the property; especially in view of the persistent efforts of the plaintiff to take the property away after it had been taken from her by the defendant. The request to charge the jury embodied a proposition strictly in accordance with the law, as I understand the rule, and quite pertinent to the case, upon the evidence. The exception to the refusal to so charge was well taken. The order granting a new trial must therefore be affirmed.

[Monroe General Term, March 4, 1867. *Welles, E. Darwin Smith* and *Johnson,* Justices.]