## PEOPLE v HARTLEY.

(Supreme Court, General Term, First Department. February 17, 1893.)

ASSAULT IN SECOND DEGREE—SUFFICIENCY OF EVIDENCE.

> Where, on a trial for assault in the second degree, there was evidence that defendant called on complainant while intoxicated, and, on her refusal to accompany him to the theater, stabbed her several times with a penknife, and the only evidence for defendant was that of the complainant, who testified that she believed the stabbing was accidental, and that of his sister, as to his previous good character, a verdict of guilty is supported by the evidence.

Appeal from court of general sessions, New York county.

John Hartley was convicted of assault in the second degree, and appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Frank J. Keller, for appellant.

De Lancey Nicoll, Dist. Atty., (Henry B. B. Stapler, Asst. Dist. Atty., of counsel,) for the People.

PER CURIAM. The indictment charged the defendant, in the first count, with the crime of assault in the first degree, and in the second with the crime of assault in the second degree. Upon the trial, at the conclusion of the testimony, the court withdrew from the consideration of the jury the first count of the indictment, and, the jury having found the defendant guilty under the second count, it is from the judgment entered on such verdict that the defendant has appealed to this court.

The facts show that the defendant called at the residence of one Bertha Meyer, who was the complainant, in an intoxicated condition; and upon her refusal to accompany him to a theater, because of such intoxication, he stabbed the complainant in the cheek, and behind the

ear, and three or five times in the neck, the marks of which stab wounds were discernible at the time of the trial, and exhibited to the jury. The wounds were made with a pearl-handled penknife about four inches long. It appeared further that prior to this occurrence the complainant and defendant were on friendly terms, the latter visiting her with the approbation of her mother; and, with a forgiving disposition, she endeavored upon the trial, in every way, to shield the defendant,—going so far as to testify that she believed the stabbing to have been accidental. The jury before whom the complainant testified, and who were confronted with the fact that not only one, but several, wounds resulting from the stabs received on that occasion appeared on the cheek and ear of the complainant, refused to accept her conclusion that it was accidental, and reached the one which was alone consistent with the evidence,—that it was a willful and wrongful assault with an instrument likely to produce grievous bodily harm. The only witnesses for the people upon the trial were the complainant, who stated the circumstances under which she received the wounds, and a person connected with the central office, who arrested the defendant; and, on the part of the defendant, but one witness was examined—his sister—as to character. Then, in a very full and clear charge, the question as to whether the defendant was guilty of assault in the second degree, or of a common assault and battery, now termed "assault in the third degree," was presented to the jury by the learned recorder.

Upon the testimony, and the charge of the court, and the conclusion reached by the jury, we might well place this affirmance upon section 542 of the Code of Criminal Procedure, which requires that this court, after hearing the appeal, "must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." We have, however, examined the exceptions as they appear in the record; and neither those relating to evidence, nor those taken to the charge of the recorder, were based on grounds which would make them technically or legally good. Upon such a record, showing that the evidence justified the verdict of the jury, and that no error prejudicial to the prisoner was committed, it remains but to affirm the judgment.