THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NICOLA TREZZA, Appellant.

The provision of the Code of Criminal Procedure (§ 527, as amended by chap. 493, Laws of 1887) in reference to appeals to this court in capital cases does not authorize an interference with the findings of the jury when supported by sufficient evidence, unless it appears from the whole record that injustice has been done.

To sustain an indictment for murder it is not necessary to prove a motive; it is immaterial whether the acts of the accused proceeded from some motive, or from general depravity of mind and a reckless disregard of human life; in either case, in the absence of lawful excuse or justification, if the other elements of the crime charged are proved a conviction is proper.

(Argued January 20, 1891; decided February 24, 1891.)

APPEAL from judgment of the Court of Sessions in and for the county of Kings, entered upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

The following are extracts from the opinion:

"The defendant was convicted in the Kings County Court of Sessions of the murder of Alexander Salvano at the town of Flatbush, one of the suburbs of Brooklyn, on the 6th day of April, 1890. There are no exceptions in the record that raise any question of law upon which the defendant is entitled to a new trial; and as we are not authorized by the provisions of chapter 493 of the Laws of 1887 to interfere with the finding of the jury when supported by sufficient evidence, unless it appears from the whole record that injustice has been done, it is unnecessary to give more than a brief summary of the facts upon which the judgment rests. (*People* v. *Cignarale,* 110 N. Y. 23; *People* v. *Kelly,* 113 id. 647.)"

After a full statement of the evidence the opinion proceeds:

"The testimony was all submitted to the jury under a very fair and impartial charge, and it is quite evident that they were of opinion that the defense had no basis of truth to sustain it.

"We think the verdict was justified by all the facts and probabilities of the case. The defendant went to the house of the deceased with a loaded revolver in his pocket, and the quarrelsome attitude that he assumed upon entering, according to the testimony on the part of the people, the threats to kill, the movement by which the revolver was taken from the pocket and concealed in the coat sleeve, and the manner in which he used the pistol upon the deceased, all indicated a deliberate and premeditated design to effect his death, which was carried into effect.

"It is not material whether the defendant's acts, resulting as they did in the death of Solvano, under the circumstances, proceed from some motive not disclosed, or from general depravity of mind and a reckless disregard of human life. In either case, in the absence of lawful excuse or justification, these acts establish the crime of murder in the first degree."

*A. H. Dailey* for appellant.

*John F. Clarke, Assistant District Attorney,* for respondent.

O'BRIEN, J. reads for affirmance.

All concur.

Judgment affirmed.