## PEOPLE *v.* ZOUNEK.

*(Supreme Court, General Term, First Department.* November 18, 1892.)

1. CRIMINAL LAW—APPEAL—WEIGHT OF EVIDENCE.
    A verdict in a criminal case will not be disturbed where the evidence is conflicting.
2. ASSAULT AND BATTERY—EVIDENCE—RES GESTÆ.
    Complaining witness was properly permitted to testify as to how long after the assault he became conscious, this being competent to show extent of the injury, and as part of the *res gestæ,* and evidence that he was taken away in an ambulance was also competent.

Appeal from court of sessions, New York county.
Indictment of Frank Zounek for assault in second degree. From a judgment of conviction, and a refusal to grant a motion for acquittal, the defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*Henri Pressprich,* for appellant. *De Lancey Nicoll* and *Henry B. B. Stapler,* for the People.

O'BRIEN, J. The indictment consisted of three counts, the first charging the prisoner with assault in the first degree for having assaulted the plaintiff "with a deadly weapon, and with intent to kill." The other two counts charged assault in the second degree. Upon the trial the learned judge directed the jury that there was not sufficient evidence to warrant a conviction

for assault in the first degree, and sent the case to the jury upon those counts in the indictment which charged assault in the second degree. Those counts, in effect, charged defendant with an assault upon the complainant with a steel square, and the circumstances surrounding the making of the assault may be briefly referred to, because to a great extent their statement disposes of most, if not all, the contentions urged by appellant. The complainant and prisoner are marble cutters, and were working in the same shop at opposite sides of the same millstone. On the day of the assault, the complainant walked around the stone to where the defendant was working, and his request for a match was met with a refusal and a push. This resulted in a fight between the parties, and according to the testimony of the witnesses, when the defendant had thrown the complainant to the ground, he took from the wall where it was hanging a steel or iron square, the long leg of which was about 2 feet long, and the short leg about $1\frac{1}{2}$ feet, and struck the complainant over the head as the complainant was lying on his back. The force of the blow rendered the complainant unconscious, and he lay on the floor until taken by the ambulance to the hospital. The severity of the blow is shown by the fact that it cut his scalp open, and covered the floor with blood. It is stated that at the time of the assault the complainant had no weapon in his hand. Against the testimony of three eyewitnesses, who were fellow-workmen in the same shop, the defendant testified that the complainant attacked him, and knocked him down; that he stood up again, and the complainant again attacked him, and that he then struck the complainant with the square, in self-defense. This testimony was impartially submitted by the learned trial judge to the jury; and while there may be some conflict of fact as to details between the evidence of the respective parties, we think the preponderance is in favor of the version given by the complainant; but whether this be so or not, the verdict of the jury upon these questions of fact is conclusive. It is true, as urged by the appellant, that this court may order a new trial if satisfied that the verdict against the prisoner was against the weight of evidence or against the law, or that justice requires a new trial, whether any exceptions shall have been taken or not in the court below. Code Crim. Proc. § 527. The distinction, however, between the province of the court and that of the jury in dealing with evidence is clearly pointed out in the following cases: *People* v. *Cignarale*, 110 N. Y. 26, 17 N. E. Rep. 135; *People* v. *Kelly*, 113 N. Y. 647, 21 N. E. Rep. 122; *People* v. *Stone*, 117 N. Y. 483, 23 N. E. Rep. 13; *People* v. *Trezza*, 125 N. Y. 740, 26 N. E. Rep. 933. In the case first above referred to, Judge ANDREWS says: "It is a cardinal principle in our jurisprudence that the jury is the ultimate tribunal for the investigation and determination of questions of fact. It is no more the province of an appellate court than of the court of original instance to determine controverted questions of fact arising upon conflicting evidence. Neither can lawfully usurp the appropriate function of the jury, and neither can substitute its own judgment for that of the jury, where the facts are reasonably capable of diverse or opposing inferences." Having regard, therefore, to the power of this court to interfere with the verdict of a jury, and the limitations placed thereon by the decision from which we have quoted, we do not think that this is a case where we would be justified in interfering with a verdict which, upon the record, appears to be amply supported by evidence.

The claims that there is wanting evidence of intent, that the instrument was an iron, instead of a steel, square, and that it was not a weapon or instrument likely to produce grievous bodily harm,—all these we regard as without merit. The court was therefore right in its ruling, disregarding the motion made by the prisoner's counsel that the jury be advised to acquit, and in overruling the motion made to acquit the prisoner, on the ground of the variance between the facts proven and the facts alleged in the indictment.

The only other matter pressed upon our consideration relates to certain rulings upon admission of evidence, which may be briefly noticed. The complainant was asked how long he had been working in this marble yard, to which he answered, "About two years." This testimony was introductory, and in no way harmed the prisoner. He was also allowed to answer the questions asked as to whether he became unconscious, and how long after the blow he became sensible or conscious. These questions, we think, were properly allowed, being competent to show the extent of the injury received by the complainant, and, therefore, part of the *res gestæ.* Nor, for the reason already given, do we think it was error to allow the witness Soukup to state, in answer to the question objected to, that the complainant was taken away in an ambulance. Upon an examination of the entire record, we do not find any error which would justify us in interfering with this verdict. The trial judge's charge was impartial and clear, to which no exception was taken; in addition to which the defendant had the benefit of all his requests to charge, which were granted. We are, therefore, of opinion, on the whole case, that the judgment of conviction should be affirmed.

VAN BRUNT, P. J. The verdict of the jury was clearly right, and this court, even though it has the power, should not interfere therewith. The judgment should be affirmed.

LAWRENCE, J., concurs.