THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES LYONS, Appellant.

*Petit larceny — certificate of reasonable doubt — application of the Code of Criminal Procedure,* § 529, *as amended May* 14, 1897, *to pending criminal actions.*

Section 529 of the Code of Criminal Procedure, as amended as of May 14, 1897, by chapter 427 of that year, so as to provide that "If an appeal to the Appellate Division of the Supreme Court shall not be brought on for argument by the defendant at the next term of the Appellate Division, begun not less than ten days after the granting of such certificate (the certificate of reasonable doubt), or if an appeal to the Court of Appeals shall not be brought on for

argument by the defendant, when the Court of Appeals shall have been in actual session for fifteen days after the granting of such certificate, the district attorney, on two days' notice to the defendant, may apply to the judge or justice who granted the certificate, or to any judge or justice of the court in which the appeal is pending, for an order vacating the certificate," is applicable to a criminal action in existence when the amendment took effect, at least to such proceedings in such action as occur after that amendment.

When so construed, such an amendment is in no sense an *ex post facto* law, it being applied only to conditions relating to a matter of procedure arising after it became a law.

APPEAL by the defendant, James Lyons, from a judgment of the County Court of Monroe county in favor of the plaintiff, rendered on the 19th day of November, 1896, and entered in the office of the clerk of the county of Monroe convicting him of the crime of burglary in the third degree; also from an order entered in said clerk's office on the 26th day of December, 1896, denying the defendant's motion for a new trial made upon the minutes, and also from an order, made by the special county judge of Monroe county and entered in said clerk's office on the 17th day of February, 1898, vacating a certificate of reasonable doubt granted by the said special county judge of Monroe county on the 26th day of December, 1896.

*Louis H. Jack*, for the appellant.

*S. J. Warren, Assistant District Attorney of Monroe County*, for the respondent.

WARD, J.:

On the 26th of March, 1896, the appellant, James Lyons, was indicted by the grand jury of Monroe county for the crime of burglary in the third degree and for petit larceny, in that he burglariously entered the henhouse of Belle Peck with intent to steal, and stole chickens therein of the value of fifteen dollars, the property of one Frederick Sackett. He was tried and convicted of this offense and sentenced to be imprisoned in the State's prison at Auburn for the term of three years. After such conviction the special county judge of Monroe county, who presided at the trial, granted a certificate of reasonable doubt whether the conviction should stand, which certificate the judge granting it vacated on the 17th day of February, 1898.

The counsel for the appellant at the close of the People's case,

and also at the close of the evidence, moved that the appellant be discharged on the ground that the crime charged in the indictment had not been proved. The court denied both of these motions, to which the appellant's counsel excepted.

The same question was raised upon the motion for a new trial. There was abundant evidence upon the trial to sustain the jury in convicting the defendant.

On the night of the burglary, March 25, 1896, two men, Stephen Sheldon and William Terrill, about nine o'clock in the evening, applied to a liveryman in the city of Rochester for two horses and a light pair of bob sleighs; there was a third man with them standing at a distance. The tracks of three men were found in the snow at the place of the burglary. Early the next morning, the twenty-sixth, between six and seven o'clock, the team was found upon the floor of the liveryman's barn, and the stolen chickens and some stolen turkeys taken from another place were found in the sleigh. In the office of the livery stable these two men, Sheldon and Terrill, were found asleep. The defendant soon appeared upon the scene, claimed the stolen property and procured a cartman to take the chickens to one Lippmans, a butcher, who conducted a meat market on North Clinton street, Rochester. The defendant went to the market and proposed to sell the poultry to Lippmans, who became suspicious that the property was stolen and telephoned the police. The cartman wanted pay for carting the poultry to Lippmans'. Lippmans refused to pay, but the defendant agreed to pay and went out to borrow the money for that purpose, but did not return. He was afterwards arrested and charged with the offense, and made false statements to the police as to his being at the butcher's and on North Clinton street, and feathers were found upon his coat. Other circumstances of a suspicious nature were established against him, upon the trial, by the prosecution. The defendant's evidence did not exonerate him from this charge, at least it was for the jury to say, and we should not interfere with this conviction upon its merits.

The appeal from the order vacating the certificate of reasonable doubt remains to be considered. The contention of the learned counsel for the appellant is, that when the certificate of reasonable doubt was granted no provision in the statutes existed for its being

vacated and set aside, and the order vacating it was without authority.

The granting of certificates of reasonable doubt upon conviction in criminal cases has become by far too common. The result has been in many cases to create unreasonable delay and to impede the course of justice. Defendants who have obtained the stay in such cases have often been tardy with their appeals, and the People have found many obstacles thrown in their way in bringing the cases before the appellate courts. To remedy this difficulty the Legislature made an amendment to section 529 of the Code of Criminal Procedure, which took effect May 14, 1897, which was as follows: "If an appeal to the Appellate Division of the Supreme Court shall not be brought on for argument by the defendant at the next term of the Appellate Division, begun not less than ten days after the granting of such certificate (the certificate of reasonable doubt), or if an appeal to the Court of Appeals shall not be brought on for argument by the defendant when the Court of Appeals shall have been in actual session for fifteen days after the granting of such certificate, the district attorney, on two days' notice to the defendant, may apply to the judge or justice who granted the certificate, or to any judge or justice of the court in which the appeal is pending, for an order vacating the certificate, and upon the entry of such order, the judgment shall be executed as though a certificate had never been granted to the defendant." (Laws of 1897, chap. 427.)

Construing this amendment in the light of the purpose and the necessity of its enactment, we are of the opinion that the amendment applies to criminal actions in existence when the amendment took effect, at least to such proceedings in said actions as occurred after that amendment.

In this case, several terms of the appellate court at which the case could have been brought on for argument occurred after the 14th of May, 1897, and before the application to vacate the certificate in February, 1898. The failure of the defendant to bring the case on for argument during this period gave the judge granting the certificate jurisdiction to revoke it.

The Legislature had authorized this judge to grant the certificate; it could not withdraw or limit that authority. The granting of the

certificate was a matter of procedure in the action. The amendment affected that procedure, and was in no sense an *ex post facto* law. As we have seen, the amendment applied to existing actions. (*Stokes* v. *The People,* 53 N. Y. 173, 174; *People* v. *Turner,* 117 id. 233.)

This view does not trench upon the rule relied upon by the defendant's counsel, that the statute should have prospective operation unless its terms show that the Legislature intended that it should operate retrospectively. We do not give it a retrospective effect. We apply to the amendment the conditions arising after it became a law. The defendant was in default after that period for not bringing his case on for argument, which it was his duty to do.

The judgment of conviction and the order refusing a new trial should be affirmed, and a proper judgment remitting the case be awarded, and the order vacating the certificate of reasonable doubt should also be affirmed.

All concurred.

Judgment of conviction and the order refusing a new trial affirmed, and judgment to be entered and certified to the County Court of Monroe county pursuant to section 547 of the Code of Criminal Procedure, and order vacating certificate affirmed.