THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ISIDORE H. HERK, SAMUEL FUNT and HERMAN SHAPIRO, Defendants.

Supreme Court, Special Term, New York County, December 28, 1942.

*Markewich, Rosenhaus & Markewich* for defendants.

*Frank S. Hogan, District Attorney* (*Lawrence J. McKenna* and *David Riesman* of counsel), for the People.

BERNSTEIN, J. This is an application by the defendant Isidore M. Herk for a certificate of reasonable doubt to stay, pending appeal, the execution of a six months' sentence to the City Penitentiary imposed upon him as the result of his conviction for the violation of section 1140-a of the Penal Law. The charge was based on the production and exhibition in a public theatre of an alleged indecent, immoral and obscene play known as "Wine, Women and Song." Such a charge is a misdemeanor ordinarily prosecuted in the Court of Special Sessions but, pursuant to an order of this court directing that the case be prosecuted by indictment, it was transferred to and tried in the Court of General Sessions by a judge and jury. While the indictment recited that the defendant violated the statute at divers times prior to and including the evening of October 31, 1942, the proof was confined to the performance on the latter date as described by the People's witnesses.

As it has been so frequently pointed out, the granting of a certificate of reasonable doubt does not depend upon a belief that the conviction will be reversed. It does not involve a reflection

upon the conduct of the trial. All that it implies is that there is presented to the court a question of law or fact, going to the merits, which calls for the attention and consideration of an appellate tribunal. (*People* v. *Hummel,* 49 Misc. 136, affd., 112 App. Div. 866; *People* v. *Hines,* 12 N. Y. S. 2d 454.) " The purpose of this certificate is to stay the execution of the judgment of conviction, pending an appeal, where it shall be made to appear to a Justice of the Supreme Court that ' there is reasonable doubt whether the judgment should stand, but not otherwise; ' and it is clearly the policy of the state to save convicted persons from incarceration, so long as there is any such reasonable doubt of the lawfulness of their conviction. * * * If the defendant is finally adjudged to be guilty of the crime as charged, his term of imprisonment is not lessened; while, if he is not lawfully adjudged guilty, he is saved the humiliation of an imprisonment for which there is no redress." (*People* v. *Hummel, supra.*)

While the defendant claims to have based his appeal upon a number of alleged errors, he has, upon this application, assigned but one ground of error for the granting of a certificate, to wit, the refusal of the trial court to permit the judge and jury to attend a performance of the play at the theatre and see a re-enactment of the sketches alleged to have been violative of the statute. The application for such permission was, of course, made and passed upon in the absence of the jury.

As specifically then pointed out to the court, that application was not made pursuant to the provisions of section 411 of the Code of Criminal Procedure which permits a jury to view the scene of a crime to aid it in its understanding of given testimony. That kind of application is expressly directed to the discretion of the trial court which may permit a view but is not bound to do so. (*People* v. *Buddensieck,* 103 N. Y. 487, 501.) The application made in this case was in the nature of an offer of " real " evidence or " autoptic proference," as it has been termed. Having laid a foundation for it by establishing that four of the five allegedly indecent sketches could be exhibited in precisely the same form in which they were exhibited on the evening of October 31st, the defendant sought to produce and offer in evidence the actual stage performance as rendered, with its appurtenances of music, lights, scenery, settings, and audience reaction. He wanted the court and jury to see the performance at the theatre under the exact conditions that prevailed on the evening in question, and to pass judgment thereon at first hand. That kind of evidence is " real " evidence whose admis-

sibility does not depend upon the discretion of the trial court, and the refusal to receive it constituted, in the opinion of this court, a refusal to receive relevant, material, and important evidence.

Whether a play is decent or indecent may depend upon the reaction of the person who sees the play in the surroundings in which it is exhibited. There may be a vast difference between a bare description in words of what has been said or done upon the stage and an actual view of the performance. It may sound improper in the dialogue of the courtroom and appear innocuous in the atmosphere of the theatre, or vice versa. Whatever it may be, the description cannot, however, equal the performance in accuracy and comprehensiveness. It cannot constitute the best evidence in the case.

Thus, if there were a prosecution for the exhibition of an obscene motion picture, the best evidence would be furnished by a showing of the picture rather than by its oral description; and if there were a prosecution for the publication of a pornographic book, the best evidence would be furnished by a reading of the book rather than by its characterization. There appears to be no reason in principle why the best evidence rule should not be applied in a prosecution for an indecent stage perform ance. The circumstance that the showing would necessarily have to be made outside of the courtroom cannot impair that rule. It is not uncommon for judge and jury to repair to other places to take testimony or to view large and unwieldy objects involved in a litigation. And the theatre has not infrequently been the locale of such a showing in cases relating to charges of unfair trade competition, copyright violation or plagiarism.

The ruling of the trial court was apparently based upon the argument that a word description of the performance was adequate for the purpose; but that argument in effect substituted a rule of discretion for a substantial right to establish a case by the best evidence. The learned District Attorney has, on this application, pointed out that a showing of the play for judge and jury would have subjected it to wilful changes to meet the conditions testified to by the People's witnesses or to innocent changes resulting from the normal variation of dramatic performances, so that it would no longer be real evidence of the performance of October 31. That objection, however, is one directed to the weight of the evidence and not to its materiality. Such changes, if any, could have been met by rebuttal proof or by argument in summation. He has also pointed out that a showing of the play could not have been identical with the one

under attack because of the absence from the jurisdiction of Scarlett Kelly, one of the performers, whose dance constituted one of the five alleged indecent numbers. Aside from the fact that this was not the basis of the court's refusal to permit the showing, it cannot be deemed a valid objection. The play consisted of a series of wholly unrelated scenes, musical numbers, and sketches. The charge was not that the entire performance was indecent, but that five of the numbers were. Scarlett Kelly participated in only one of them, but it may not have been the one upon which the jury based its finding of guilt. If the defendant had a right to produce evidence in the form of a showing of the other four numbers and was denied that right, he was thereby prejudiced. (*People* v. *Wood,* 126 N. Y. 249, 254.)

The granting of the certificate has been further urged by the defendant upon the considerations: (1) That he is suffering from a serious cardiac ailment; and (2) that he would have served the larger part of his sentence before his appeal could be normally heard and decided. The first consideration carries no more appeal to this court than does the measure of the punishment imposed upon him for producing a lewd theatrical performance of the kind described. That was a matter for the consideration of the trial court upon its imposition of sentence. The second consideration only points to a policy of the State to save a defendant, who is not lawfully adjudged guilty, from the humiliation of an imprisonment for which there would be no redress if his conviction were set aside. (*People* v. *Hummel, supra.*) That policy, however, presents only a reason for lending ear to an application for a certificate and not a ground for granting it. The granting of it must rest upon the conclusion reached by this court that there is a reasonable doubt as to whether the judgment will stand, and that an appellate tribunal should pass upon it before the defendant is called upon to pay his penalty. That conclusion is supported here not alone by the views hereinabove expressed, but by the concession of both the District Attorney and the defendant's counsel that the issue raised is novel and that there has been no direct authoritative holding thereon.

Motion for a certificate of reasonable doubt is granted. The court will receive suggestions from counsel as to the amount of bail to be fixed. Settle order on one day's notice.