PEOPLE v. SPRIGGS.

(Supreme Court, Appellate Division, First Department.   May 24, 1907.)

ABDUCTION—INTENT—EVIDENCE.

   On a prosecution for taking and detaining a female with intent to compel her to be defiled, evidence of defendant's conduct previous to the time alleged, tending to show his intention, is admissible.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abduction, §§ 18, 19.]

Appeal from Court of General Sessions, New York County.

Robert H. Spriggs appeals from a judgment of conviction of abduction, and from an order denying a motion for new trial.   Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Townsend & Kiefer, for appellant.

E. Crosby Kindleberger, for respondent.

LAMBERT, J.   The defendant was indicted for the crime of abduction, charged as a second offense, and has been sentenced to 20 years in the state prison upon his conviction.   The evidence shows that the defendant had been previously convicted of the crime of assault in the second degree, and had served a term in a state prison, from which he had been pardoned.   He is charged in the indictment with having, on the 15th day of June, 1905, feloniously and unlawfully taken and detained against her will a certain female, one Hattie Warren, with intent to compel her by force, menace, and duress, then and there to be defiled, against the form of the statute in such case made and provided, etc.

The chief witness of the prosecution was the said Hattie Warren, and the evidence discloses a state of facts which fully justified the jury in finding the defendant guilty as charged.   An examination of the record upon the trial discloses no reversible error.   The evidence of Hattie Warren, the victim of the abduction, is fully corroborated in its essential details by other witnesses, and there is no reason apparent why this conviction ought not to stand.   The intent of the acts of the defendant constituted an essential element of the crime, and under the authorities it is competent to show conduct on his part tending to establish such motive.   The rule is stated by Greenleaf on Evidence, vol. 3, § 15, to be that in proof of intention it is not always necessary that the evidence should apply directly to the particular act with the commission of which the party is charged, for the unlawful intent in the particular case may well be inferred from similar intent proved to have existed in other transactions done before or after that time.   See Mayer v. People, 80 N. Y. 364.   It seems clear, therefore, that the admission of evidence of the defendant's conduct previous to the time alleged in the indictment, tending to show that he had the intention of making use of this female for the purposes prohibited by the state, was not error.

The judgment of conviction and the order denying a new trial should be affirmed.   All concur.