WELSH v. MURRAY et al.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

1. NEGLIGENCE—EVIDENCE—RES IPSA LOQUITUR.

In an action for personal injuries, it appeared that defendant was building a sewer in a street, and used in such work a movable derrick, with a boom. Plaintiff was employed by a street-railway company to keep its tracks clear, and, while attempting to move the boom from out of the way of an approaching car, was injured by the derrick falling. Held, that the mere fact that the derrick fell is not sufficient, under the doctrine of res ipsa loquitur, to show that defendant was negligent, so as to render him liable.

2. SAME—SUBSEQUENT EXAMINATION OF MACHINE.

.Testimony of a witness as to the condition of the wires of the derrick by which it was held up, when examined by him some time after the injury, and after its removal from the place in which it fell, is inadmissible.

Action by William Welsh against John Murray and another. The complaint was dismissed, and exceptions by plaintiff ordered to be heard in the first instance at general term. Overruled, and judgment for defendants ordered.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

L. J. Morrison, for plaintiff.
Charles C. Nadal, for defendants.

INGRAHAM, J. We do not think there is any evidence upon which the jury could have found that the defendants were negligent.

Plaintiff seems to have been employed by the Third Avenue Railroad Company to keep the track of the company clear, and, if a car was coming down, to watch and hold on to the boom of a derrick being used by the defendants, or one of them, in the construction of a sewer on Third avenue, and see that it did not catch a car and break it. This boom was used to take stuff out of the sewer, and come across and dump the stuff between the two tracks.    This is the plaintiff's account of his employment.    He was on this duty from November, 1890, to June, 1891, when in some way he was injured.    The following is his account of the injury:

"On June 4th, 1891, I remember I was hit on the head first, and then I can't tell anything else. When I came to myself, I don't know whether I was on the track or in the hospital."

On cross-examination he testified:

"I was shoving the boom around when the derrick fell on me; was pushing it out of the way of the car that was coming down the grade. I was shoving the boom around, and it came down. I was handling the derrick when it came down. I am sure my shoving the boom did not help the rope to break. I shoved it many times before, and it never fell."

Greenwald, another witness, sworn for plaintiff, testified that on June 4, 1891, he went up to this place, and saw the mast of the derrick lying on the track, and Welsh was lying there injured.    He said he did not know how it fell; was not there when it happened.    This witness further testified that he did not know much about the construction of derricks, but that this derrick was held in place by four wire ropes; that the ropes that held the derrick up were lying down with the derrick; that, "when the derrick was lying down, the ropes were lying on the ground too."    The witness further testified that he had sent Welsh up to this place, and gave him instructions to look out for the work, but did not give him instructions to stand up close to the derrick.

There was no contractual relation between the defendants and this plaintiff.    The defendants were constructing a sewer under a contract made with the city of New York, and were thus rightfully in the street, the plaintiff being employed by the railroad company to see that the track was kept clear, and to warn an approaching car if the track was obstructed by the work; and, to entitle the plaintiff to recover in this action, it was necessary to allege and prove that the defendants were in some way negligent in some duty that they owed to the plaintiff.    The plaintiff not being in the defendants' employ, there was no duty to provide the plaintiff with proper tools and appliances with which to do work that plaintiff was employed to do. The only evidence that we have that there was any negligence is that the plaintiff, while pushing the boom of the derrick, was struck by something, and that, after the injury, the derrick was down upon the street.    We are not told what it was that struck the plaintiff, whether the plaintiff was injured in consequence of the boom's falling or the derrick falling, or what it was that struck him, but the simple fact is that the plaintiff was struck by something, and that, after that, the derrick was down in the street.

We do not think that this is a case in which the maxim, "Res ipsa loquitur," was applicable.    That rule has been applied in cases where an express duty exists to maintain a structure in such a condition that persons lawfully using a public street or highway shall not be injured.    This is stated by the presiding justice in the case of Morris v. Strobel & Wilken Co., 81 Hun, 3, 30 N. Y. Supp. 571, as follows:

"The principle stated was that whenever it is a defendant's duty to use reasonable care to keep a bridge or other structure or premises in a proper condition as respects persons passing along the highway, and these are out of condition, and an accident happens, it is incumbent upon him to show that he used that reasonable care and diligence which he was bound to use, and that the absence of that care may fairly be presumed from the fact that there was the defect from which the accident had arisen."

It is clear that this case does not come within this principle.    The defendants here were using a derrick to construct a sewer under a contract with the city of New York.    The plaintiff was not using the street as a highway, but was watching the very work that the defendants were engaged in doing.    The derrick in question was not a permanent structure erected upon or adjoining the street, but a structure of a temporary nature; its use requiring that it should be constantly removed, and applied in different positions as the work progressed.    And the fact that such an appliance, in some unexplained way, struck the plaintiff, is no evidence that there was any negligence on the part of the defendants in placing the derrick, or using it as it was used.    The mere fact that Murray had told the witness to shove the boom around, and to give a hand to help the man that was pulling the tack rope, does not change the relation between the plaintiff and the defendants.    It was at most a mere license to the plaintiff to assist the defendants' men clearing the track; and it is not alleged that Murray told the plaintiff to shove this boom around at the time that he was injured.    It seems that at the time a car was coming, and the plaintiff was shoving the boom around, to push it out of the way of the car.    He thus voluntarily placed himself in a position under the derrick; and there being no evidence that the derrick was improperly used, or that the act happened because of any negligent act of the defendants, there was no evidence to justify the jury in finding that the defendants were negligent.

The exclusion by the court of the testimony of the witness Clynes upon cross-examination was not error.    The witness did not examine the derrick until in the afternoon of the day that the plaintiff was injured, after the derrick had been moved from the position in which it fell; and the question as to what he then found out, or as to whether he then observed the ropes of the derrick, was entirely immaterial.

We think the complaint was properly dismissed.    The exceptions should be overruled, and judgment directed for the defendants, with costs.    All concur.