(70 App. Div. 199.)

### PEOPLE v. SCHLESINGER.

(Supreme Court, Appellate Division, First Department.  March 21, 1902.)

ASSAULT—EVIDENCE—MISLEADING INSTRUCTION.

> An inspector of incumbrances, while removing merchandise from a sidewalk in front of a store, according to the testimony for the people, undertook to forcibly take a bag from the hand of the clerk of the store, and in the ensuing altercation assaulted the clerk. Defendant claimed that while he was lawfully removing the bags, which were obstructing the sidewalk, the clerk seized one, and while defendant was taking it from him the clerk fell, receiving the injuries. The jury, after submission of the case, returned for further instructions, and asked whether, if the clerk interfered with defendant, and he pushed him aside and he fell, it would be considered an accident, and not an assault, to which the court answered, "Any unlawful touching of a person, if done willfully and wrongfully, is an assault." *Held*, that the instruction, while correct in the abstract, was no answer to the question propounded, and was misleading.

Appeal from trial term, New York county.

Marx Schlesinger was convicted of assault in the second degree, and appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William F. Howe, for appellant.
Howard S. Gans, for the People.

McLAUGHLIN, J. The defendant appeals from a judgment of conviction of the crime of assault in the second degree, and for which he has been sentenced to serve a term of one year in the penitentiary.

The facts charged in the indictment as constituting the crime for which he has been convicted are, in substance, that on the 20th of October, 1896, he willfully and wrongfully inflicted grievous bodily harm upon one William Scott by striking him, throwing him down, and beating him. At the trial there was a sharp conflict of testimony between the witnesses offered on the part of the people and those offered on the part of the defendant. The testimony of the witnesses on the part of the former tended to establish that at the time stated in the indictment the defendant, then an inspector in the bureau of incumbrances of the city of New York, went, by the direction of his superior officer, to a trunk and leather store kept by one David A. Doyle at Nos. 1 and 2 Vesey street, in that city, for the purpose of removing and taking away whatever merchandise might be found in front of the store upon the sidewalk, in violation of certain ordinances of the city; that the defendant was accompanied by one Clark, also an inspector in the bureau of incumbrances; that, as the defendant and Clark approached the store, one Scott, an employé therein, came out of the store with a leather traveling bag, which he, by the direction of his employer, was taking to a factory for the purpose of having it repaired; that as he met the defendant and Clark they took hold of him, and undertook to forcibly take the bag from him, and that in the altercation which followed the defendant knocked Scott down, and in doing so, or thereafter beating him, inflicted very serious injuries upon him. While the testimony on the part of the latter tended to establish that the defendant was not the cause of or responsible for the injuries to Scott; that, so far as such testimony related to Scott's injuries, it was substantially to the effect that as Scott came out of the store he attempted to seize one of the leather bags which the defendant was removing from the sidewalk and was about to take away, and that in doing so he slipped and fell to the sidewalk, and in this way sustained his injuries; that he did seize one of such bags, and that the defendant and Clark attempted to forcibly take it from him, but that no unnecessary force was used. There was no dispute but what Scott at the time was very seriously injured. This was the situation at the close of all the testimony, and the case was submitted to the jury with instructions, in substance, that, if they found that the testimony of the witnesses of the people was the correct version of the transaction, then it could find the defendant guilty of the crime charged in the indictment; while, on the other hand, if the testimony of the defendant and his witnesses was true, then the defendant was entitled to an acquittal. The charge was eminently fair to both sides, as is evidenced by the fact that no exceptions were taken to it, and we should affirm this judgment were it not for the instructions given to the jury after they had entered upon their deliberations. Some time after the jury had retired, the following inquiry was sent to the court: "Will your honor please inform the jury that, if Mr. Schlesinger pushed Scott aside, and in doing so he fell and received the injury, whether this can be considered an accident, and not an assault?" to which the court (the jury having returned to the court room) responded, "I said, to find him guilty, you must find that it was willful and wrongful." Thereupon the ninth juror inquired, "If it was done by accident?" and the court answered, "Oh, the law does not punish

people criminally for accidents." And again the ninth juror inquired, "Supposing Scott interfered with him in his duties, and he pushed him aside, and he fell?" to which the court replied, "Any unlawful touching of a person, if done willfully and wrongfully, is an assault. If I put the tip of my finger upon you willfully and wrongfully, that is an assault." While this instruction, in the abstract, was not erroneous, it was misleading, and by reason thereof may have resulted to the great prejudice of the defendant. It did not answer the inquiry, or give the jury a correct idea of the legal principle to be applied in case they found that Scott interfered with the defendant in the discharge of his duties. The defendant, of course, not only had the right, as it was his duty, to remove the obstructions from the sidewalk, but also to keep possession of the things removed until the same had been deposited in the place provided by the city (Scott v. City of New York, 27 App. Div. 240, 50 N. Y. Supp. 191); and if any one interfered with him in the discharge of that duty, either in removing or in keeping possession of the things removed, he was justified in using sufficient force to prevent such interference, and the court, in answering the inquiry, should have so instructed the jury.

We are of the opinion, therefore, that justice requires that a new trial should be had. The judgment of conviction is therefore reversed, and a new trial ordered. All concur.