(70 App. Div. 592.)

## PEOPLE v. MILLER.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

ABDUCTION FOR PROSTITUTION—EVIDENCE.

Testimony of a girl that defendant took her to a house of prostitution is not corroborated by testimony of a person that she saw defendant standing in the hallway of the house with other men and the girl, so as to sustain a conviction of abduction, under Pen. Code. § 282, providing that one who causes or procures a girl under 18 to be received, harbored, etc., for purposes of prostitution, is guilty of abduction.

Appeal from court of general sessions, New York county.

Arthur Miller was convicted of abduction, and appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles Haldane, for appellant.

Edward Sandford, for the People.

PATTERSON, J. The defendant was brought to trial in the court of general sessions of the peace in and for the city and county of New York upon an indictment for the crime of abduction, which indictment contained two counts,—the first charging that the defendant, at the city of New York, on a day named, did feloniously take, receive, harbor, employ, and use one Gussie Eslofsky, who was then under the age of 18 years, to wit, of the age of 15 years,

for the purpose of sexual intercourse, he, the said defendant, not being then and there the husband of the said Gussie Eslofsky; and the second count charging that the defendant at the time aforesaid did feloniously take, receive, harbor, and employ the said Gussie Eslofsky, she being then and there a female under the age of 18 years, for the purpose of prostitution, against the form of the statute. Upon the trial of the indictment, the first count was virtually abandoned; the district attorney saying that he was willing to have the court instruct the jury that there was no corroboration sufficient to establish that count. Upon the second count the charge was substantially reduced to an accusation of the defendant taking the girl to a house of prostitution in order that she might become an inmate of that house for the purpose of prostitution. The testimony to establish the charge was given by the girl herself, who swore that she was a servant in the employment of the defendant. She was a wayward girl, addicted to vice, of which fact she says the defendant was aware. She states that she requested the defendant to put her in a place of prostitution, and that he told her that he had arranged with the keeper of a house of ill fame in Stuyvesant place to have her received there, and that he took her there, and left her with a knowledge of her purpose, and that she there pursued her career of a common prostitute. The prosecution relied for a conviction upon the fact of the defendant taking the girl to this place in order that she might there pursue her vicious life, and the court remarked on the trial—what was undoubtedly the condition of the case—that there was but one material fact to be established, namely, that the defendant brought the girl to that house for the purpose of prostitution. That statement of the court presented the only aspect in which the defendant could have been found guilty under the second count.

The provision of the statute referring to the crime of abduction under which this indictment was framed is contained in section 282 of the Penal Code, which, so far as it relates to this case, is as follows:

"A person who takes, receives, employs, harbors, or uses or causes or procures to be taken, received, employed, harbored or used, a female under the age of eighteen years for the purpose of prostitution * * * is guilty of abduction."

It was not claimed here, under the second count of the indictment, that the defendant received, employed, harbored, or used a female under the age of 18 years for the purpose of prostitution, or caused or procured to be received (except so far as the girl testified to an arrangement having been made by the defendant with the keeper of the house of prostitution), employed, harbored, or used such female for such purpose; but the ground that the prosecution relied upon for conviction was that the defendant took the plaintiff to the house of ill fame in Stuyvesant place. That explicit proof was made by the testimony of the girl herself cannot be doubted, but, in order to a conviction being had, it was required that her statements should be corroborated,—not necessarily by the oaths of witnesses who could confirm what she testified to upon

the material facts, but by circumstances, if such existed.  We have searched this record in vain to find corroboration that the defendant took this girl to this house of prostitution, or made any antecedent arrangement with the keeper of that house that she should be received and harbored there for an unlawful purpose.  The only evidence, other than that of the girl herself, tending to connect this defendant with her, is that of a witness who was employed in the house in Stuyyesant place, who testified that she saw the defendant standing in the hallway of that house with other men and the girl.  There is not a word of corroboration of the statement of the girl that she ever was employed by, or lived in the household of, the defendant, or ever knew him before the date charged in the indictment.  There is not a word of testimony nor a circumstance shown to corroborate her statement that the defendant ever had any communication with the keeper or proprietor of the house of prostitution.  There is no evidence to show, other than the statement of the girl, that the defendant advised her to go there, or took her there, or went with her there, or had any agency whatever in inducing her to go there.  The witness employed in this alleged disorderly house swore that she saw the Eslofsky girl at the house on the 18th of May.  "I saw the girl with that young man over there [meaning the defendant].  I said that, when this girl came to the place, I saw her with defendant.  I did see them in the hall.  I do not know whether she came with him or not."  Her testimony simply amounts to a statement that she saw this girl and the defendant in the hall together, and that she recognized them.  That is not sufficient corroboration of the fact that he took her there.  The whole story of this girl may have been fabricated. What the law requires is confirmation of her story on the material facts, or on so much of the material facts as would lead to the conclusion, beyond a reasonable doubt, that the defendant was guilty of the crime with which he was charged.

The judgment must be reversed, and a new trial ordered.  All concur.