(101 App. Div. 366)

### PEOPLE v. CERAMI.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. ABDUCTION FOR MARRIAGE—PROSECUTION—CONSENT OF PARENTS—EVIDENCE.
   On a prosecution, under Pen. Code, § 282, subd. 1, for the abduction of a female under 18 for the purpose of marriage, the question whether the mother consented *held* one for the jury.

2. SAME—EVIDENCE OF BIGAMY.
   On a prosecution, under Pen. Code, § 282, subd. 1, for the abduction of a female under 18 for the purpose of marriage, evidence to show that defendant was married to another woman at the time of the offense is inadmissible.

Appeal from Court of General Sessions, New York County.

Giuseppe Cerami was convicted of abduction, and he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Rosario Maggio, for appellant.
Edward Sandford, for the People.

PATTERSON, J. The defendant was convicted in the Court of General Sessions of the Peace, in and for the county of New York, of the crime of abduction, under that provision of subdivision 1 of section 282 of the Penal Code which provides that a person is guilty of the crime, who, without the consent of the father, mother, guardian, or other person having legal charge of a female under the age of 18 years, takes, receives, employs, harbors, or uses her for the purpose of marriage. It was charged in the indictment that the defendant on the 26th day of April, 1904, at the borough of Manhattan, did feloniously take, receive, harbor, employ, and use, and cause and procure to be taken, received, harbored, employed, and used, one Antoinetta Digiovanni, who was then and there a female under the age of 18 years, to wit, of the age of 16 years, for the purpose of marriage, without the consent of one Francesca Digiovanni, who was the mother of the said Antoinetta, and the only living parent of the said Antoinetta, and who had the legal charge of the person of the said Antoinetta.

Upon the trial of the indictment the only issue was one of fact—as to whether the marriage had taken place without the consent of the mother. The whole record discloses that that was the only matter in

contest. It was testified to by the mother, on behalf of the prosecution, that her consent never was applied for, and the testimony of the alleged abducted girl was of circumstances which plainly indicated that the mother's consent never had been asked. On the other hand, the defendant claimed and swore that the consent had been applied for, and was granted. There was no issue really raised as to the taking of the girl for the purpose of marriage. The marriage was conceded. It was made by contract in writing, and was followed by cohabitation. No reasonable argument can be made, on this record, respecting the sufficiency of the proof of the taking of the girl for the purpose of marriage. Upon the single issue involved, the evidence was in such a situation as to require its submission to the jury.

On the cross-examination of the defendant, he was asked if he had not a wife living at the time of his marriage with the alleged abducted girl. That question was objected to, but the witness was compelled to answer, which, under exception, he did, in the negative. He was then asked whether two persons named were not present in 1895, when he (the witness) was married in Italy to one Serafina, to which he answered that he never was married in 1895, nor was he ever married before. Thereupon the court took an adjournment until the next day, when the prosecution was allowed to prove by two witnesses that they were present at a ceremonial marriage had in Italy between the defendant and the woman Serafina. That evidence was objected to, and it was insisted that it was incompetent, that the defendant was not on trial for bigamy or perjury, and that it was evidence to prove the perpetration of another and different crime from that charged in the indictment, and that such evidence was clearly inadmissible. The defendant's counsel protected his client in every possible way, by objections to the testimony and by exceptions to the charge of the learned recorder, all which raised the question of the admissibility and competency and legal effect of that evidence. The situation of the case is peculiar. The defendant is charged simply with the statutory crime of abduction, and in one single aspect of that crime. It consisted of a specific act mentioned in subdivision 1 of section 282 of the Penal Code. It was unknown to the law as a crime until the year 1886, when it became part of a statutory enactment, and was subsequently incorporated in the Penal Code. A careful reading of the whole of section 282, and of the various declarations of what constitutes abduction in given cases, indicates that abduction for the purpose of marriage of a female under the age of 18 years, without the consent of the parent or guardian, relates simply to the offense of taking the female for the purpose of marriage without obtaining that consent. There are other provisions of the statute which cover the abduction of females under the age of 18 years. The only offense charged in this indictment, and of which the defendant could be convicted, is abduction for purposes of marriage without the parents' consent. Proof of the crime was made when it was shown that the mother had not consented to the marriage. All matters of evidence extraneous to that specific offense were entirely unrelated to the charge of abduction, as laid in the indictment, however pertinent they may have been to the proof of another crime. Those matters have nothing to do with motive and intent. The only motive and intent to be inquired

into here was in connection with the defendant's purpose in taking the girl. Was it for the purpose of marriage? It is placing the argument on an improper basis to claim that consent of the mother, obtained under false pretenses or by concealment of facts, would be the same as her giving no consent, and that the statute must be construed as requiring a valid consent; that is, a consent by which a contracting party would be bound. The provision of the statute is not open to such construction. We are only dealing with the specific crime of abduction as charged in the indictment, and nothing else. The law has provided for the punishment of the crime of bigamy, and severe penalties are imposed upon the perpetrators of such crimes; and there is a full definition of other phases of the crime of abduction of females under the age of 18 years, and this very subdivision 1 of section 282 of the Penal Code contains one for which the defendant, if he were previously married, might have been indicted. All that is involved in the crime of abduction, in the aspect in which it is now presented, is whether or not consent was obtained. That the defendant was a bigamist or a burglar, or a criminal of any other kind, or even a person of unimpeachable character, can make no difference. We cannot escape the conclusion that the influence of this evidence as to the marriage in Italy upon the minds of the jury, in bringing about a conviction, was irresistible. Whatever his other offense may have been, and however vile his intentions and conduct, the defendant is entitled to be tried only for the offense charged in the indictment.

The judgment, therefore, must be reversed, and a new trial ordered. All concur.