## PEOPLE v. MAGGIORE.

(Supreme Court, Appellate Division, First Department. May 24, 1907.)

CRIMINAL LAW—SUFFICIENCY OF EVIDENCE—ALIBI.

    Evidence, on a prosecution for assault in which the defense was an alibi, *held* sufficient to sustain a conviction.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1289–1291.]

Appeal from Court of General Sessions, New York County.

Gabriele Maggiore was convicted of assault in the second degree, and appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Charles E. Le Barbier, for appellant.
E. C. Kindleberger, for the People.

INGRAHAM, J. The defendant and one O'Brien were indicted for an assault in the first degree upon one Abraham Weinberg by means of a loaded pistol, which was discharged at the said Weinberg. O'Brien pleaded guilty to assault in the third degree. Maggiore was tried and convicted, and appeals.

One Weinberg testified that he conducted a candy store at No. 2091 Second avenue, in the city of New York; that the prisoner, about 10 o'clock on the night of December 6, 1906, came to the store and bought some cigarettes and started to leave the store without paying for them; that witness' wife asked him for the money, whereupon he struck her over the heart and she fell on the floor in a faint, and the prisoner then pushed the complainant out on the street and struck him; that subsequently the prisoner came back with O'Brien about 12 o'clock at night; that O'Brien broke the window of the store, and defendant shot four times with a revolver into the store; that subsequently the police appeared, and O'Brien and defendant were arrested; that when O'Brien threw the stone that broke the window the witness saw the defendant with a pistol in his hand; that after the window was broken the defendant shot four times into the window. The police found the defendant in an undertaking establishment in the neighborhood. A police officer testified that he heard four pistol shots, and went to complainant's store, and saw the complainant and his wife; that the complainant was standing in the doorway leading from the store into the room in the rear, and a closed window opposite the counter was broken; that the complainant's wife was lying on the floor, and the officer then went to the undertaking shop and found three men in the rear room, one of whom was O'Brien and another the appellant. The complainant then identified the defendant as one of the men. Another police officer also went to this store after the pistol shots were fired, and subsequently assisted the first officer in arresting the defendant.

The defense was an alibi, and the defendant denied all the testimony of the complainant and his wife. The case was then submitted to the

jury, with a charge to which no exception was taken. Every request of the defendant was complied with, and the jury found the defendant guilty of assault in the second degree. I think there was evidence to sustain this conviction, and that there was no error on the trial.

The judgment should therefore be affirmed. All concur.