SUPREME COURT—APPELLATE DIV.—SECOND DEPT.,

May 29, 1913.

# THE PEOPLE v. BARNEY DECKENBROCK.

(142 N. Y. Supp. 278.)

(1.) ABDUCTION.*

A girl of fifteen years of age went with a man to a hotel of which the defendant was the bar-keeper and clerk, and the latter asked the man his name and gave him two keys, after which the man wrote in the hotel register the names of " B. and wife" and the defendant called a woman, who took the room-keys and went upstairs, being followed by the girl and the man. The man remained half an hour, when he came downstairs and was let out of the hotel by the defendant.

Defendant held guilty of abduction, as section 70 of the Penal Law punishes one who "procures to be taken, received, employed or harbored or used, a female under the age of eighteen years for the purpose of, prostitution, or, not being her husband, for the purpose of sexual intercourse.

(2.) SAME—WHEN HUSBAND GUILTY OF ABDUCTING WIFE.

A husband who takes or receives his wife for a similar purpose, with another, would be guilty of abduction under the statute.

(3.) GRAMMATICAL CONSTRUCTION OF STATUTES.

The grammatical construction of a statute must yield to the plainly evident intent thereof.

APPEAL from Trial Term, Kings County.

Barney Deckenbrock was convicted of abduction, and appeals from an order denying a motion for new trial and the judgment of conviction.   Affirmed.

---

* See Note on Abduction, following; also Note, vol. 16, p. 399.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Meier Steinbrink, of Brooklyn, for appellant.

Edward A. Freshman, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., and Hersey Egginton, Asst. Dist. Atty., both of Brooklyn, on the brief), for the People.

THOMAS, J. A girl, Turner by name, was 15 years old on January 21, 1912, and on January 8th, at 6.30 p. m., went with one Frank Granato in company with one Mabel Walsh, aged 14, and one Detore to a hotel in Myrtle avenue, where the defendant, Deckenbrock, was a bartender and clerk. Granato led the way, the others followed, and were within arm's reach of defendant when he was at the desk. What Granato said to him Turner did not know; but defendant asked his name and gave him two keys, after Granato had written in the book, handed him by defendant, the names " Frank Brown and wife " and " Tony Smith and wife," in the presence of all. Then defendant summoned the woman Bougie, who took the keys and at defendant's direction went upstairs, followed by the party. Turner stayed there a half hour and, coming down, was let out by defendant. Walsh practically confirms Turner's story, and the presence of the defendant is not in dispute. Turner and Walsh were recalled, and testified that the couples were in adjoining rooms, with a door opening between them, and that the door was opened. The indictment charges that defendant—

" did feloniously take, receive, harbor, employ, and use, and cause and procure to be taken, received, harbored, employed, and used, and did aid and abet one Frank Granato to take, receive, harbor, employ, and use, one Nellie Turner, who was then and there a female under the age of 18 years, to wit, of the age of 15 years, for the purpose of sexual inter-

course, with him, the said Frank Granato; he, the said Frank Granato, not being then and there the husband of the said Nellie Turner."

The case falls under subdivision 1, section 70 of the Penal Law (Consol. Laws 1909, c. 40):

" A person who: 1. Takes, receives, employs, harbors or uses, or causes or procures to be taken, received, employed or harbored or used, a female under the age of eighteen years, for the purpose of prostitution, or, not being her husband, for the purpose of sexual intercourse."

The question is whether the defendant, by doing what he did, offended the statute.

Section 282 of the Penal Code in 1884 was:

" A person who takes a female under the age of sixteen years for the purpose of prostitution or sexual intercourse," etc.

Under such statute, in People v. Plath, 100 N. Y. 590, 3 N. E. 790, 53 Am. Rep. 236, the defendant was indicted; but it appeared that the woman, to the defendant unknown, had voluntarily come to his concert saloon, and upon his invitation accompanied him to a part of the building where he took indecent liberties with her person. The decision that his act was not a " taking " under the statute. The opinion states:

" There is nothing in the section of the act under which defendant was convicted making the employment of a female under 16 years of age for purposes of prostitution or sexual intercourse a criminal offense, except where it is accompanied with a taking of her person by some active agency for such purpose. The word ' takes' seems to be used to distinguish the act prohibited, from those where the female is merely received, or permitted and allowed to follow a life of prostitution, without persuasive inducement by the person accused."

This decision was in December, 1885. The act was amended on March 18, 1886 (chapter 31, Laws 1886), so as to make an offender a person who—

" takes, receives, employs, harbors or uses, or causes or procures to be

taken, received, employed, harbored or used, a female under the age of sixteen years, for the purpose of prostitution, or, not being her husband, for the purpose of sexual intercourse."

As I understand, the learned counsel for the appellant proposes: (1) That under the recent decision in People ex rel. Howey v. Warden, 207 N. Y. 354, 101 N. E. 167, the test of guilt is whether she was taken, received, etc., for the purposes of common prostitution, rather than for a single act of intercourse; (2) that a person may take, receive, employ, harbor, or use, or cause the same, for the purpose of sexual intercourse with some other than himself. But he modifies this second contention by the statement that:

"If one were to participate actively in aiding and abetting another in the defilement of such a female, we concede he might be held as an accessory."

[1] The argument, then, must be that by receiving the female and man, and providing them with a bedroom, the defendant did not participate actively in aiding and abetting. This is quite contrary to the holding of this court in People ex rel. Bougie v. McLaughlin, 153 App. Div. 908, 137 N. Y. Supp. 1135, where the woman convicted was the very one who was summoned by this defendant, and to whom he handed the keys, with the direction to show the persons to the room. If that was a legal conviction, this defendant is guilty as found. The indictment here charges also that the defendant aided and abetted Granato, and the Penal Law (section 2) provides:

"Principal. A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent."

The essential guilty act under the indictment is receiving

and harboring the female for the purpose of sexual inter-
course.   It is not necessary to guilt that the intercourse re-
sult, although the consummation is evidence of the purpose.
But in the receiving and harboring the defendant was an ac-
tive participant.   To him was delegated the power to withhold
or to furnish the room for the purpose for which the parties
had come, nor is his guilt the less that, as a servant to the
keeper of the house, he aided Granato.   Without his inter-
position there could not then and there have been " receiving "
or " harboring."

In this view of the case I do not appreciate the argument
that there could be no violation of the statute, because it was
not the purpose that the defendant should have intercourse
with the female.   If his acts aided and abetted, he was guilty.
Section 70, however, as I judge, does not mean that the tak-
ing, receiving, harboring, is for the purpose of prostitution
only.   The statute plainly says " for the purpose of prostitu-
tion, or   *   *   *   for the purpose of sexual intercourse."
Why doubt, when the language in plainest terms manifests
the meaning?

[2] The words " not being her husband," interpolated as
they are, may beget discussion, whether under this section a
husband who took, received, or harbored his wife for the pur-
pose of sexual intercourse with another, would be guilty.   The
section after the word " or," with proper words supplied from
the earlier clause, would read:

" A person who,   *   *   *   not being her husband, takes, receives, em-
ploys, harbors, or uses, or causes or procures to be taken, received, em-
ployed, harbored, or used, a female under the age of eighteen years, for
the purpose of sexual intercourse   *   *   *   is guilty of abduction."

If, then, he be her husband, can he, so far as this section
is concerned, take, receive, etc., her for sexual intercourse with
another?   Again, if one not her husband receives, harbors, etc.,

her for intercourse with some one not her husband nor himself, does he go free?

Grammatical construction yields to evidenced intention, and I have no doubt that the Legislature intended by the section to condemn any person, husband or otherwise, who took, received, etc., such a female for sexual intercourse with any person not her husband. In any case, it did intend to denounce persons generally who abducted such a female for sexual intercourse with any person other than her husband, and if it is not broad enough to cover the husband as an abductor, there is no reason why all participating should escape, unless it be proven that they did the act for their own lust. The evil to be denounced was not alone abduction by a man for his own indulgence, but by men for any and all illicit intercourse; nor do I suppose that it was in the legislative thought that. husbands were taking their wives under 18 years of age for the purpose of sexual intercourse with some other person. If it be said that the practice of men using their wives for hire for prostitution or for sexual intercourse was known, then it. is answered that the Legislature recognized this in the enactment of sections 1090 and 2460 of the Penal Law.

The judgment of conviction should be affirmed.

---

### NOTE ON ABDUCTION.

(See v. 16, p. 399.)

Elements.

A mere seduction does not amount to an abduction, under the statute; herein a form for an indictment for abduction; and a statement of what evidence will sustain the same. People v. Parshall, 6 Park. 129.

The offense is complete whenever a female under sixteen years of age is taken, received, or used, for purposes of sexual intercourse.

The intercourse itself need not be shown, if the purpose be otherwise

shown; such intercourse may however be proven as an element or incident tending to establish the purpose. People v. Stott, 5 N. Y. Crim. 61, aff'g 4 N. Y. Crim. 306.

### Indictment.

An indictment for abduction which charges taking "for the purpose of prostitution and sexual intercourse" does not charge two offenses. People v. Powell, 4 N. Y. Crim. 585.

### Evidence.

Upon the trial of an indictment for the abduction of a female under sixteen years of age, alleged to have been committed in 1886, it was held, that evidence was inadmissible of declarations of the defendant made in 1889, and of physicians, as to the physical condition in 1890, of the female alleged to have been abducted. People v. Betzinger, 49 St. Rep. 597, 10 N. Y. Crim. 187.

Upon the trial of an indictment of a defendant charged with two others, with abducting a female of previous chaste character, under the age of sixteen, to another city for the purpose of prostitution and sexual intercourse, where the complainant testified that the four went together to a hotel, and she left her door open, and the defendant entered her room and had sexual intercourse with her, and that she had never had intercourse with any person before, and it appeared that the defendant registered at the hotel under an assumed name; it was held, that a verdict of guilty would not be set aside, where the defendant admitted his intercourse, but testified that he knocked at her door, which was locked, and that she let him in, and that previously he had perpetrated several acts of sexual intercourse with her in his own hotel, and called witnesses who gave evidence to show that she had allowed such intercourse, which evidence, however, was contradicted. (The admissibility of the evidence and sufficiency of the charge was also discussed in the opinion.) People v. Brown, 71 Hun 601.

Upon a trial for abduction, where the age of the complainant was in issue, it was held, that a record by a former teacher, in her own handwriting, as to complainant's age, was inadmissible in evidence, where such teacher testified that without looking at the record, she was unable to remember what the complainant told her as to her age. People v. Brow, 90 Hun 509; 11 N. Y. Crim. 443.

Upon the trial of an indictment for abduction in marrying a female under eighteen years of age, without the consent of her only living parent, the admission, over objection, of evidence that the defendant

had a wife living at the time of the marriage in question constitutes reversible error. People v. Cerami, 101 App. Div. 366; 19 N. Y. Crim. 78, aff'd 181 N. Y. 570.

The testimony of an abducted female in consideration of the evidence was held to be sufficiently supported by other evidence to sustain a conviction for abduction, under section 282 of the Penal Code. People v. Brandt, 14 St. Rep. 419; 110 N. Y. 659.

It is not error to allow a physician to express an opinion that the genital organs of the female have been penetrated by force within a week. People v. Stott, 5 N. Y. Crim. 61, affirming 4 N. Y. Crim. 306.

Upon the trial of an indictment for taking, harboring, and receiving for the purpose of sexual intercourse, a female under the age of sixteen years, where such female was brought by the defendant from another state, it was held, that it was competent for the prosecution to show that the defendant had been intimate with the female in such other state, as characterizing the relations existing between them. People v. Wah Lee Mon, 37 St. Rep. 283.

To constitute abduction under section 282, subd. 1, of the Penal Code it need not be shown that the accused used force or practiced fraud or deception. It is sufficient if the female be induced by his request, advice or persuasion, to go from the place where he approached her with solicitation, and accompany him or meet him at some other place indicated by him with the intent there to accomplish her defilement. It is not necessary that she be taken against her will. People v. Seeley, 37 Hun 190.

To support a conviction for abduction under section 282 of the Penal Code, the people must show not only a taking by the defendant within the meaning of the statute, but also that such taking was for the purpose of prostitution. People v. Plath, 100 N. Y. 590; s. c. 4 N. Y. Crim. 43, rev'g 36 Hun 454; 3 N. Y. Crim. 129.

On a trial of an indictment for inveigling, taking away or enticing an "unmarried female, of previous chaste character, under the age of twenty-five years" for the purpose of prostitution, the actual personal chastity of the female must be shown; evidence of her general reputation for chastity is inadmissible. Kauffman v. People, 11 Hun 82.

To sustain an indictment for abduction, under the act of March 20, 1848, it must be shown that the female was chaste in principle up to

the time of the commission of the offense, and that the abduction was for the purpose of indiscriminate prostitution.  Carpenter v. People, 8 Barb. 603.

An intent is an essential element of crime, it is competent to show conduct on the part of defendant tending to establish motive, which may be done by evidence of conduct previous to the time alleged in the indictment, tending to show that he had intention to make use of complainant for purposes prohibited by the statute.  People v. Spriggs, 119 App. Div. 236; 21 N. Y. Crim. 180; appeal dismissed 194 N. Y. 556.

### Corroboration.

Corroborative evidence, whether consisting of acts or admissions, must be of such a character as tends to prove to some extent the guilt of the accused by connecting him with the crime charged in the indictment, and upon a prosecution for abduction, the testimony of a physician who examined the complainant twelve days after the date of the alleged offense, to the effect that the complainant had had sexual intercourse, but the time of which he was unable to place as being before or after the time of the act charged, is not corroborative of complainant's testimony as to the charge of abduction.  Nor is the testimony of the complainant that defendant on the Sunday morning upon which the crime was alleged to have been committed, went with complainant and her companion to a store and purchased articles for them, corroborated by the testimony of a saleswoman that on some Sunday morning which she could not place, two girls and a man purchased articles, and that she recognized complainant's companion as one of the girls.  People v. Swazey, 77 App. Div. 185; 17 N. Y. Crim. 138.

The testimony of an abducted female may, under section 283 of the Penal Code, be corroborated by another female abducted at the same time.  People v. Panyko, 71 App. Div. 324; 16 N. Y. Crim. 438, aff'd 171 N. Y. 669.

Upon the trial of an indictment for abduction of a girl under eighteen years of age for the purpose of prostitution, evidence given by a person employed in a disorderly house that she saw the defendant standing in a hallway of the house with other men and the girl abducted is not sufficient to corroborate the testimony of the girl abducted.  People v. Miller, 70 App. Div. 592; 16 N. Y. Crim. 396.

To sustain a conviction for abduction the evidence of the prosecutrix must be corroborated by evidence tending to show the material facts necessary to establish the commission of the crime and the identity of

the person committing it. People v. Plath, 100 N. Y. 590, 4 N. Y. Crim. 43, rev'g 36 Hun 454, 3 N. Y. Crim. 129.

**Trial.**

Upon the trial of an indictment for abduction, it is error for the court, in charging the jury, to refer to the testimony of a witness in such a way as to inform the jury that in the opinion of the court, the testimony of such witness is false; so, it is error for the court to show that it believes that the testimony as to criminating admission by defendant, was not in a joke, when the witness, who testified to such admission, testified that at the time he believed defendant was joking, and the defendant also testified that he was joking. People v. Brow, 90 Hun 509; 11 N. Y. Crim. 443.

On the trial of an indictment for abduction, a ship's manifest tending to show that the female in question was below the age of consent was put in evidence. The accuracy of the manifest was contested. *Held,* that an instruction that in determining the age of the female the jury may consider the manifest, is not reversible error. People v. Wolf, 107 App. Div. 449; 19 N. Y. Crim. 450.

Upon the trial of an indictment for abduction, under subdivision 1, section 282 Penal Code, at which the only evidence that the complainant was under eighteen years of age, which is an essential element of the crime, is the testimony of the complainant supported by her appearance on the stand, it is error for the court to refuse to charge that, in determining the age of the complainant, the jury might consider the fact that she was not dressed in her usual manner, and that her hair was done up on the top of her head, and the further fact that the woman whom the complainant testified had the plaintiff's birth certificate was not requested to produce it when sworn on behalf of the prosecution. People v. Ragone, 54 App. Div. 498.

## NOTE ON ASSAULT AND BATTERY.

(See Hawkins v. Kime, 28 N. Y. Crim. 422.)

**Generally.**

Upon the subject of the various degrees of assault, with definitions thereof, see People v. Taylor, 3 N. Y. Crim. 297.

An intent to do bodily harm, or by violence to insult, is requisite to constitute a criminal assault. People v. Sullivan, 4 N. Y. Crim. 193.

The slightest touching of the person of another, in a rude and angry manner, is an assault and battery. Spence v. Duffy, 1 C. H. Rec. 39. To the same effect. People v. Powers, 1 Wh. Crim. Cases, 405.

If one tenant in common enter into peaceable possession, though by stealth, and his co-tenants remove him by force, it is an assault and battery. Wood v. Phillips, 43 N. Y. 152.

To vaccinate a person against his will, and without legal authority so to do, is an assault. Matter of Walters, 84 Hun 457.

A person who is assaulted without provocation in a public street, may, provided he does not kill his assailant, use sufficient force to repel the assault, although he does not believe that he stands in danger of his life or of grievous bodily injury and has an opportunity to run away. People v. Daukberg, 91 App. Div. 67.

Evidence that a police officer, from whose custody a peddler whom he had arrested for violating a city ordinance was attempting to escape, upon overtaking the peddler, who was pushing a cart, struck him a blow with his fist and knocked him down, will not sustain a conviction of the police officer for assault, in the absence of evidence that the force of the blow was greater than was necessary to prevent the peddler from escaping, or that he sustained any bodily injury after being taken into custody. People v. O'Brien, 48 App. Div. 66; 14 N. Y. Crim. 253.

A deputy State superintendent of elections who illegally arrests an elector without a warrant and without any justifiable grounds of be-

lief that the elector is about to vote illegally, is guilty of an assault and battery.   People v. Hochstin, 36 Misc. 562.

One who forcibly ejects a police officer from premises while the latter is endeavoring to enter same by force, and without a warrant, for the purpose of inspecting same in order to determine whether a felony is therein being committed, held not guilty of assault.   People v. Brinker, 27 N. Y. Crim. 37.

### Same—Jurisdiction.

The recorder of Binghamton has jurisdiction of a charge of assault and battery, and upon conviction may inflict the same punishment as courts of session or oyer and terminer; where the conviction adjudged that defendant be imprisoned for a term of three months or pay a fine of $100 and be imprisoned until it be paid, not exceeding three months, it was held that the claim that the sentence was in the alternative was untenable.   Matter of Bray, 34 St. Rep. 641.

### Same—Held to Constitute Crime.

To pursue one with a dangerous weapon, and coming so near that danger to his person may be reasonably apprehended, is an assault. Fairme's Case, 5 C. H. Rec. 95.

Is an assault, to attempt to run against the wagon of another, in the highway.   People v. Lee, 1 Wh. Crim. Cases, 364.

Seizing the reins with which a person is driving in a sleigh, and stopping his team and directing another person to turn the team in an opposite direction, which was immediately done, is an assault upon the person driving.   People v. Moore, 50 Hun 356.

The pointing of a gun at a private person attempting to arrest the defendant for a prior crime committed in his presence, was held to constitute an assault.   People v. Morehouse, 6 Supp. 763.

### Same—Held Not to Constitute Crime.

Striking with the handle of a pitchfork, without pushing or thrusting with the tines, is not an assault with a sharp, dangerous weapon, within the meaning of the act of 1854.   Filkins v. People, 69 N. Y. 101.

Though the defendant were a trespasser in entering the prosecutor's premises, he does not become guilty of an assault and battery, by acting in self-defense, if unreasonable or unnecessary violence be used in resisting him.   People v. Gulick, Lalor, 229.

A person may use as much force as is necessary to prevent the taking of his goods by a wrong-doer, without being guilty of an assault and battery.   Gyre v. Culver, 47 Barb. 592.

Not an assault, to point a cane at another, in derision, without intending to strike him.   Goodwin's Case, 6 C. H. Rec. 9.

A schoolmaster has a right to correct a scholar with moderation. Morris's Case 1 C. H. Rec. 52.

The owner of a house, who has obtained possession in a peaceable manner, may maintain such possession by force.   Corey v. People, 45 Barb. 262.

Same—Indictment.

A count charging an assault "with intent to do bodily harm" and also "with intent to kill" is good; the words "to do bodily harm" are mere surplusage, unless there be added "without justifiable or excusable cause."   Dawson v. People, 25 N. Y. 399.

An indictment for assault and battery which avers an intent "to commit murder" instead of an intent "to kill" is good.   Pontius v. People, 82 N. Y. 339.

An indictment charging an assault with a "sharp and dangerous" weapon, with intent "to do bodily harm" and "without justifiable or excusable cause," is not bad for duplicity; it charges but a single offence. People v. Casey, 72 N. Y. 393.

An indictment for an assault and battery, with intent to commit a felony, is sufficient, if it charge the offense in the words of the statute. People v. Pettit, 3 Johns. 511.

An information charged that defendant struck complainant "in the face with his fists and knocked him down and kicked him" held, that it was insufficient in that it did not designate any crime, nor allege that any crime had been committed, nor that the acts were unlawfully or wrongfully committed.   People v. Hiley, 33 Misc. 168; 15 N. Y. Crim. 254.

Under an indictment for an assault and battery on a person unknown, the defendant may be convicted, though the person's name be proved before the trial jury; the indictment refers to the knowledge of the grand jury.   White v. People, 32 N. Y. 465.

**Same—Variances.**

Under an indictment for an assault upon a person unknown the defendants may be convicted of an assault upon a person known at the time of the trial; unless it appears that the grand jury knew such person, at the time of finding the indictment, and intended to charge an assault upon some other person, not made known to them. White v. People, 32 N. Y. 465.

**Same—Evidence.**

On the trial of an indictment for assault and battery, the defendant may show that he owned the premises on which it was committed, and that he did the acts complained of, in defense of his possession. Harrington v. People, 6 Barb. 607.

Upon a prosecution for assault, the complainant was permitted to testify what he understood by remarks made by defendant at the time of the assault and intended to affect complainant's action. People v. Moore, 50 Hun 356.

Where the prosecution has proved the defendant's angry manner and words at the time of the assault, the defendant is entitled to testify that he had no such feelings towards the prisoner until provoked by him. People v. Odell, 14 Wkly. Dig. 403.

Upon a trial for assault and battery, evidence of a previous notice by defendant to the complainant not to enter his hotel was inadmissible in justification of the assault and excessive force used to eject the complainant without any warning. People v. Van Vechten, 2 N. Y. Crim. 291.

Upon the trial of an assault, where defendant had given material testimony in conflict with that given on the part of the prosecution, he could be asked upon cross-examination if he had not committed an assault upon another person. People v. Irving, 31 Hun 614, 2 N. Y. Crim. 47; aff'd 95 N. Y. 541, 2 N. Y. Crim. 171.

On the trial of an indictment for assaulting a constable, whilst in the execution of his duties, the process must be produced. Roy's Case, 2 C. H. Rec. 165.

On the trial of an indictment for a felonious assault, it is unnecessary to prove with what weapon it was made; this may be inferred from the nature of the wound. Nelson v. People, 5 Park. 39.

On the trial of an indictment for assault and battery, in resisting a

jailer, the prosecutor must produce the mittimus. People v. Muldoon, 2 Park. 13.

On the trial of an indictment for assault and battery and resisting an officer in the execution of process, which contains but a single count, after the prosecutor has proved one such act, he cannot give evidence of another offence committed at another time. People v. Hopson, 1 Den. 574.

On the trial of an indictment for assault and battery, one of the defendant's witnesses was asked whether he had not been indicted for an assault and battery committed on the same day; held, that the question was competent, as it would be inferred, having answered in the affirmative, that he was one of the participants in the affray. Ryan v. People, 79 N. Y. 593.

A conviction would not be sustained where the testimony of the witnesses for the people was inconsistent, and a strong defense was made out by witnesses who were not impeached, and it appeared that the complainant had been drinking to excess, for several hours before the assault in regard to which he testified. People v. Curren, 2 App. Div. 207.

To convict of an assault with a sharp dangerous weapon, under the act of 1854, ch. 74, there must be proof that the weapon was sharp as well as dangerous. People v. Hickey, 11 Hun 631.

In an action for assault and battery, committed in the absence of witnesses, ill-will on the part of the defendant towards the plaintiff may be shown, as a link in the chain of circumstantial evidence; so also that the defendant did not deny the assault, when charged with it, though he had denied it on a former occasion, in the presence of other witnesses. Jewett v. Banning, 21 N. Y. 27.

Where the defendant was charged with assault by throwing vitriol, and it appeared that he sold vitriol and the assault occurred within a half-hour's walk of his house about 6 : 30 a. m., in January, and the complainant identified the defendant, his son-in-law, as his assailant, but a witness for defendant testified that he had found him in bed at seven, and others testified that they found him in bed at a quarter to seven o'clock, and others that they were on the corner and saw a man with his hands on his face, and another man running, who was not the defendant, held, that the evidence was sufficient to sustain a conviction. People v. Bracco, 69 Hun 206; 10 N. Y. Crim. 438.

Upon the trial of a charge of indecent assault on a child, her subsequent declarations in reference to it, defendant being absent, and there being at the time no complaint of injury, are incompetent. People v. Persons, 2 N. Y. Crim. 114.

In an action for indecent assault whereby the plaintiff gave birth to a child, evidence of her good reputation is inadmissible, where her character has not been generally assailed, but only by proof of particular acts of misconduct. Schaeffer v. Oppenheimer, 9 St. Rep. 688.

Admissible as part of the res gestae that the complainant was unconscious, and was taken away in an ambulance, to show the extent of the injury received by the complainant. People v. Zounek, 49 St. Rep. 642; 10 N. Y. Crim. 251.

### Same—Defenses.

A party assailed is not deprived of the right of self-protection, by an omission to invoke the protection of the authorities against an anticipated assault. Evers v. People, 3 Hun 716.

The assent of a child, even of tender years, is a defense to a charge of indecent assault. People v. Persons, 2 N. Y. Crim. 114.

### Same—Trial.

The trial of an indictment for assault and battery will not be stayed on the ground of the pendency of a civil action for the same act. People v. Judges of Genesee, 13 Johns. 85.

The requirements of section 211 of the Code of Criminal Procedure do not apply to a prosecution of an assault in the third degree at special sessions, but only where the defendant has a right to be tried by jury after indictment. People v. McGann, 43 Hun 55.

Upon a prosecution for assault, whether a pistol in the hands of the defendant was an instrument likely to produce grievous bodily harm is a question of fact for the jury; and this, although not produced in evidence, or described otherwise than by its common name. People v. Irving, 95 N. Y. 541; 2 N. Y. Crim. 171.

In a prosecution where a plea of self-defense is put in, held, that it was error for the Court to charge "that the burden of proof is upon the defendant to show that he did commit the act in self-defense" there being no such thing as an affirmative defense in a criminal prosecution,

all of defendant's evidence coming in under the general issue.  People v. Shanley, 30 Misc. 290; 14 N. Y. Crim. 263.

On a prosecution under an indictment which charges assault with a loaded revolver and firing the same with intent to kill, it is not error to refuse to charge that the jury may find the defendant guilty of assault in third degree, since if he fired the shot he was guilty of assault in the first or second degree, and if he did not fire he was guilty of no offense under the indictment.  The question of the intent to kill is for the jury. People v. Randazzo, 127 App. Div. 824; 22 N. Y. Crim. 541.

### Same—Conviction of Lesser Crime.

Under an indictment for an assault, with an attempt to do bodily harm, with a sharp, dangerous weapon, there may be a conviction for an assault, but not for an assault and battery.  People v. Cavanaugh, 62 How. Pr. 187.

### Conviction of Lesser Degree.

Where a person is indicted for the crime of assault in the first degree, and also for the crime of assault in the second degree, and upon his trial is found guilty of assault in the second degree, he is thereby acquitted of the charge of assault in the first degree.  People ex rel. Young v. Stout, 81 Hun 336; aff'd 144 N. Y. 699.

Where a person has been extradited from the Kingdom of Great Britain under an indictment charging him with assault in the first degree, and pursuant to a treaty, and upon his trial, he is found guilty of assault in the second degree, he is entitled to demand his liberty, and a reasonable time within which to return to the Kingdom of Great Britain, if the crime of assault in the second degree is not extraditable under such treaty.  People ex rel. Young v. Stout, 81 Hun 336; aff'd 144 N. Y. 699.

### Assault With Intent to Commit Rape.

A prisoner may be convicted of an assault, with intent to commit rape, upon a child under ten years of age, without evidence that he had actually touched her, on proof that he had decoyed her into a building for such purpose, and was detected while standing within a few feet of her, in a state of indecent exposure.  Hays v. People, 1 Hill, 351.

An attempt at sexual intercourse with a female without violence, and abandoned as soon as the female refused and resisted, is not an assault with intent to commit rape.  People v. Clark, 3 N. Y. Crim. 280.

### Same—With Intent to Kill.

Presenting an uncocked revolver at a person is not sufficient to justify

a conviction for attempting to discharge a pistol, with intent to kill. Mulligan v. People, 5 Park. 105.

A prisoner who attacks another with an unlawful weapon, may be convicted of assault and battery, with intent to kill, if the crime would have been murder, had death ensued. O'Blenis's Case, 1 C. H. Rec. 117.

The law infers an intent to kill, where the means used were such as would probably have produced death, and the crime would have been murder, had death ensued; but although the killing would have been murder, the jury are not bound to presume an intent to kill, if no dangerous weapon were used. Hagerman's Case, 3 C. H. Rec. 73.

### Same—Same—Evidence.

To convict of an assault and battery, with intent to kill, it is not necessary to aver or prove that the act was committed with a deadly weapon. People v. Lenahan, 3 Hun 164.

An indictment for an assault and battery, with a deadly weapon, with intent to kill, is sustained by evidence of an intent to commit any felonious homicide, though not amounting to murder. People v. Shaw, 1 Park. 327.

Under an indictment for assault and battery, with intent to kill the prisoner cannot be convicted of an assault with a dangerous weapon, with intent to do bodily harm. Slattery v. People, 1 Hun 311; aff'd 58 N. Y. 354.

### Same—Same—Presumption.

On the trial of an indictment for a felonious assault, an intent to kill may be inferred from the fact that the prisoner commenced the attack, and used weapons calculated to endanger life. People v. Vinegar, 2 Park. 24.

### Same—With Intent to Steal.

The statute creating the offense of an assault with intent to steal has not been repealed by the Penal Code. People v. Bernardo, 1 N. Y. Crim. 245.

### Assault in the First Degree—Generally.

The offense of assault in the first degree may be made out where an assault is made with a loaded firearm with intent to kill, although the weapon snaps and fails to go off. People v. Ryan, 55 Hun 214; 7 N. Y. Crim. 448.

Same—Indictment.

It is not necessary that the pleader should use the very words of the statute in an indictment for assault in the first degree. The word "pistol" may be used instead of "firearm." People v. Whedon, 2 N. Y. Crim. 318.

An indictment drawn in the common-law form charging the crime of assault in the first and second degrees examined, and held to warrant a conviction of the defendant of the crime as defined by the provisions of the statute. People v. Castaldo, 146 App. Div. 767; 26 N. Y. Crim. 417.

Where indictment charged that defendant, at a specified time and place, feloniously and with intent to kill, assaulted two persons named, with a loaded firearm, and did discharge said loaded firearm towards and at said persons, and did thereby hit and seriously wound such persons, it was held that it contained a sufficient statement of the act constituting the crime within the meaning of section 275 of the Code of Criminal Procedure; its imperfection in form in charging two crimes, although only one act was done, and in failing to charge them in separate counts, did not prejudice the defendant, and the indictment was therefore sufficient under section 285 of the Code of Criminal Procedure. People v. Rockhill, 74 Hun 241; 10 N. Y. Crim. 548.

As the Penal Law, section 240, provides that one who with an intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another, assaults another with a loaded firearm, etc., is guilty of an assault in the first degree, and as section 281 of the Code of Criminal Procedure provides that when an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured or intended to be injured is not material, a defendant may be convicted of assault in the first degree under an indictment charging him with an assault upon P., with intent to kill P., although the proof shows an intent to kill G. People v. Castaldo, 146 App. Div. 767; 26 N. Y. Crim. 417.

Same—Evidence.

To sustain a conviction of assault in the first degree for administering poison with intent to kill, it must be shown that life was endangered by the administration of the poison. People v. Burgess, 45 Hun 157; 5 N. Y. Crim. 514.

Same—Conviction of Lesser Degree.

Under an indictment for assault in the first degree, a conviction

may be had for assault in the second degree. People v. Sullivan, 4 N. Y. Crim. 193.

Where defendant was indicted for assault in the first degree, and convicted of an assault in the second degree after pleading self-defense it was held, that it was not error to refuse to charge the jury that they could find the defendant guilty of assault in the first, second, or third degree, or an attempt to assault in any of those degrees. People v. Dartmore, 48 Hun 321.

Under an indictment for assault in. the first degree, the defendant may properly be convicted on the plea of guilty of an attempt to commit such an assault; to constitute such an attempt to assault, it is sufficient that the defendant arm himself with an axe or other deadly weapon and endeavor to place himself in a position to use it, by executing his intention to kill; a conviction authorizes imprisonment for a term not exceeding one-half the longest term prescribed for the crime of assault in the first degree. People v. O'Connell, 60 Hun 109.

### Same—Conviction Where Manslaughter Charged in Indictment.

Under an indictment charging manslaughter in the first degree in committing an assault with a flatiron and causing death, there can be no conviction for assault in the first degree, for in the latter crime an intent to kill is required, whereas in manslaughter no such intent is necessary. People v. Huson, 114 App. Div. 693, 20 N. Y. Crim. 612.

### Assault in the Second 'Degree—Generally.

Attempting to stab an officer engaged in an attempt to arrest the defendant, who was running through the streets with an open jack-knife in his hand, was held to constitute the offense of assault in the second degree. People v. Murray, 54 Hun 406.

Where it appeared that the defendant called on the complainant while intoxicated, and upon her refusing to accompany him to the theatre, he stabbed her several times with a penknife in the cheek and neck, but the complainant testified that she believed the stabbing to have been accidental, it was held that a verdict of guilty would not be disturbed. People v. Hartley, 51 St. Rep. 804; 10 N. Y. Crim. 388.

### Same—Indictment.

An indictment for assault in the second degree, in resisting the execution of process, must allege an intent to so resist. An allegation that the person assaulted was executing a " lawful process or mandate " is insufficient. The facts showing that the process was lawful must be set forth. People v. Cooper, 3 N. Y. Crim. 117.

### Same—Evidence.

Held sufficient to sustain a conviction of assault in the second degree; and it was held, that the good character of the defendant was not a shield for crime, but was to be considered with the other evidence bearing upon the question of guilt.   People v. Spriggs, 33 St. Rep. 989.

Evidence of specific acts held not admissible to prove the complainant's character for quarrelsomeness; and where the defense is not self-defense, the general reputation of the complainant in that respect is not admissible.   People v. Frindel, 58 Hun 482.

To authorize a conviction of assault in the second degree, there must be shown an intention coupled with a present ability of using actual violence against the person of the prosecutor.   People v. Terrell, 33 St. Rep. 368.

A conviction will not be disturbed where it was amply justified by the evidence, no exception having been taken, and the charge being full and fair.   People v. Miller, 50 St. Rep. 431, 10 N. Y. Crim. 302; aff'd 137 N. Y. 569.

Evidence given on the trial of an indictment for assault with a loaded pistol considered and judgment of conviction affirmed.   People v. Maggiore, 119 App. Div. 284; 21 N. Y. Crim. 186.

Evidence on trial of an indictment for assault in the second degree considered and judgment of conviction affirmed.   People v. Gatto, 120 App. Div. 81, 21 N. Y. Crim. 328.

### Same—Same—Sufficiency.

Where defendant was charged with interfering with a police officer making an arrest, and it appeared that the officer was arresting a person in the night-time on information that he was committing highway robbery, and that such person submitted to the arrest until defendant aided him to escape, a judgment of conviction of assault in the second degree was affirmed.   People v. Ryan, 28 St. Rep. 489.

### Same—Defenses.

The mere fact that a man may have voluntarily or willingly taken part in a quarrel, or that he may be willingly quarreling at the time of an assault, does not deprive him of the right to defend himself against death or serious bodily injury.   People v. Pagnotta, 144 App. Div. 265; 26 N. Y. Crim. 269.

**Same—Trial.**

Where an indictment under section 218 of the Penal Code for pointing a loaded pistol at complainant contains the unnecessary allegation of an intent to discharge the pistol, the fact that the prosecution assumed the additional burden of proving this allegation in order to convict is not error requiring reversal. People v. Connor, 53 Hun 352.

Where a defendant is convicted of assault in the second degree, a refusal by the court to take from the jury the consideration of a count, charging assault in the first degree, is not ground for reversal. People v. Freidel, 58 Hun 482.

Where the jury has a reasonable doubt as to the intent of the prisoner, but no doubt whatever as to the assault, they may properly convict the defendant of assault in the third degree. People v. Brockett, 85 Hun 138; 9 N. Y. Crim. 466.

Whether a person who discharges a revolver with blank cartridges at another, some seventy feet distant, comes within the definition of subdivision 4 of section 218 of the Penal Code, of a person who wilfully and wrongfully assaults another by the use of a weapon, or other instrument or thing, likely to produce grievous bodily harm, and is guilty of an assault in the second degree, is a question of fact for the jury. People v. McKenzie, 6 App. Div. 199; 11 N. Y. Crim. 289.

Where the jury were told that a mere preponderance of evidence would suffice to convict, and the court afterwards charged that defendant's guilt must be proved beyond a reasonable doubt, held that the charge was contradictory and confusing, and the judgment of conviction was reversed. People v. Levelie, 6 App. Div. 230; 11 N. Y. Crim. 288.

Upon the trial of an inspector in the Bureau of Incumbrances in the City of New York, one S. being the complainant, the jury returned for further instructions; the court in answer to a question by the jury as to the law in case the jury believed the complainant interfered with defendant in the discharge of his duties, and defendant pushed complainant aside and he fell, replied " any unlawful touching of the person, if done wilfully and wrongfully, is an assault. If I put the tip of my finger upon you, wrongfully and wilfully, that is an assault." Held, error. People v. Schlesinger, 70 App. Div. 199.

**Same—Sentence.**

Where defendant is sentenced under 221 Penal Code to imprison-.

ment in the State Prison for five years and to a fine, it is not necessary that the prisoner, after having served his term of imprisonment in the State Prison, be transferred to the county jail for the purpose of working out his time; sec. 488 of the Code of Crim. Procedure only applies where the only sentence imposed is a fine, or a fine and imprisonment in the County Jail.    People ex rel. Gately v. Sage, 13 App. Div. 135; 2 N. Y. Crim. 200.

### Assault in the Third Degree—Generally.

Assault in the third degree being a misdemeanor, while the other degrees are felonies under the penal code, a conviction of the " misdemeanor of assault and battery " is proper, and equivalent to a conviction for assault in the third degree.    People v. Maticke, Dail Reg. Feb. 8th, 1884.

Assault in the third degree being only a misdemeanor, is punishable as provided by section 15 of the Penal Code; a sentence for one year in the State Prison at hard labor is void.    People v. Kelly, 97 N. Y. 212, 2 N. Y. Crim. 428.

### Same—Evidence.

Where defendant is accused of assault in having caused the arrest of complainant without cause, where it is shown that the arrest resulted from an interview in which the defendant accused the complainant of seducing her daughter, evidence of such seduction is competent to show the defendant's motive for making the arrest.    People v. Dailey, 73 Hun 16; 9 N. Y. Crim. 110; aff'd 143 N. Y. 638.

Where the defendant denied the charge, and testified that she never had a pistol in her pocket or had possession of one in eighteen months, and denied on cross-examination that she had, in various instances named, drawn a pistol and threatened to shoot certain persons named, it was held to be error to permit the prosecution in rebuttal to call such persons and others to testify that defendant had drawn the pistol and made such threats; evidence of assaults and threats at other times than the one in question are inadmissible.    People v. Drake, 65 Hun 331; 10 N. Y. Crim. 31; 47 St. Rep. 783.

### Same—Trial.

Where the complainant before a police magistrate charged the defendant with " maliciously and unlawfully beating " the complainant, by " kicking him in the head, body and face without provocation " it was held to be sufficient to support a conviction.    The court refused to re-

verse such a conviction because the defendant, on applying for an adjournment, paid to the justice a sum of money, for the complainant's private counsel, and the complainant's expenses. People v. Parker, 69 Hun 130; 10 N. Y. Crim. 460.

A ruling that the indictment sufficiently alleged a higher degree of assault than the defendant was convicted of, held harmless error. People v. Doyle, 11 App. Div. 447.

Upon a trial for assault in the third degree, a reference to an excluded newspaper article, and an unfounded characterization of defendant's reputation as vile, are improper on the part of the District Attorney, and where the verdict is inconsistent and against the weight of the evidence they furnish ground for granting a new trial. People v. Barker, 10 N. Y. Crim. 112.