(127 App. Div. 824.)

PEOPLE v. RANDAZZO.

(Supreme Court, Appellate Division, Fourth Department.  July 7, 1908.)

1. INDICTMENT AND INFORMATION — CONVICTION OF OFFENSE INCLUDED IN
   CHARGE.
       The jury, on a trial on an indictment charging an assault with a loaded
   pistol and firing the same with intent to kill, may pass on the question
   of accused's intent to kill, and, on having a reasonable doubt as to wheth-
   er such existed, they may convict of assault in the second degree, though
   they might have found such intent and convicted of assault in the first
   degree.
       [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and In-
   formation, §§ 585–590.]

2. HOMICIDE—ASSAULT—DEGREES—EVIDENCE.
       Where, on a trial for assault in the first degree, accused if he fired the
   shot was guilty of assault in the first or second degrees, and was not
   guilty if he did not fire the shot, the refusal to charge on assault in the
   third degree, followed by the statement that there was no evidence justi-
   fying a conviction of assault in the third degree, was proper.
       [Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Homicide, § 658.]

Appeal from Trial Term, Monroe County.

Frank Randazzo was convicted of assault in the second degree, and
he appeals.  Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

William J. Maloney, for appellant.
Howard H. Widener and Charles B. Bechtold, for the People.

WILLIAMS, J.  The judgment should be affirmed.  The indict-
ment charged an assault with a loaded revolver and firing same with
intent to kill, which constituted assault in the first degree.  The con-
viction was of assault in the second degree, which was alike assault,
but without intent to kill.  There was considerable conflict in the
evidence as to whether the defendant fired the shot which took effect
upon the complainant.  It seems to me, however, that there was a
large preponderance of evidence that the shot was fired by defendant,
and that the jury might well be satisfied of that fact beyond a rea-
sonable doubt, and were fully justified in rendering the verdict they
did.  They might very properly have believed and found the intent to
kill existed also, and have convicted of the higher degree of assault
in the first degree; but they were empowered to pass upon the ques-
tion, and very likely had a reasonable doubt as to whether the intent to
kill was present.  It is not improbable that the jury preferred to con-
vict of the lesser offense, so as to make the punishment lighter.  It
was their responsibility, and not the court's.

There are no exceptions which call for special consideration, except
perhaps one—the refusal by the court to charge the jury that they
might convict of assault in the third degree, and the remark by the
court that there was no evidence in the case which would justify such
a verdict.  This remark was entirely correct.  The defendant, if he
fired the shot, was guilty of assault in the first or second degree.  If
he did not fire it, he was guilty of no offense under the indictment.

The court was, therefore, justified in the refusal to charge as request-
ed. People v. De Garmo, 73 App. Div. 46, 76 N. Y. Supp. 477. This
case was decided in this department, and seems to be in point here.
There were no reversible errors committed by the court.

Judgment of conviction, affirmed. All concur.