THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* STEVE YEAGER, Appellant.

Fourth Department, March 4, 1959.

McDonough, Boasberg & McDonough (Charles J. McDonough of counsel), for appellant.

Carman F. Ball, District Attorney (George R. Blair of counsel), for respondent.

Per Curiam. The defendant appeals from a judgment convicting him of a violation of subdivision 2 of section 752 of the Penal Law in that he falsely registered in 1956 in an election district of the City of Buffalo "knowing that he would not be a qualified voter" therein at the election "in that he was not at the time of such registration a bona fide resident" of the district.

There was ample evidence to support the judgment. A basic and fundamental error in the charge and the injection of extraneous matter therein require the granting of a new trial. The contention of the defendant that the trial court erred in refusing to charge that the jury was required to find a specific criminal intent as an essential element of the crime charged is without merit.

The trial court in a lengthy charge, among other things, explained the distinction between a general and specific intent. It then charged as a matter of law that it was not necessary for the prosecution to prove a specific intent. While this was a correct statement the subject had no proper place in the instructions and in the light of subsequent happenings must have been confusing to the jury. The crime for which defendant had been indicted required only a finding of general criminal intent. Before a defendant may be convicted of certain crimes a specific intent must be found. Such is burglary, third degree, which consists of a breaking and entering "with intent to commit a crime therein". (Cf. People v. Kelley, 253 App. Div. 430, 433.) Similarly, in the crime of assault with intent to kill, there must be present all the elements of an assault and also the specific intent to kill. (Cf. People v. Randazzo, 127 App. Div. 824.)

Later in its instructions this portion of the charge was repeated in summary form. The jury were then told that a general criminal intent must be found before the defendant could be found guilty. The court concluded with the statement that "If the absence of any general intent is relied upon as a defense — and I take it the Defendant has relied upon the absence of a general criminal intent — such absence must be shown to you by the accused. The burden of proof so far as this Defendant of that particular element, in the absence of a general criminal intent, is only present when you arrive to a stage in this case where you believe that the People up to that point have proved the Defendant guilty beyond a reasonable doubt."

Without attempting to analyze the component parts of this confusing instruction it may be concluded that its fair import, among other things, told the jury that after the prosecution had proven defendant guilty beyond a reasonable doubt then there passed to the defendant some kind of a burden of proving an absence of general criminal intent. Timely exception was taken thereto. It is suggested in the briefs that this portion of the charge was taken from a similar statement found in Burdick, Law of Crime (Vol. 1, p. 140). There, however, the author was not writing in terms of burden of proof. The presence or absence of general criminal intent, when considering the crime under consideration, was one for the jury after it had weighed all the facts. Otherwise stated, '' A guilty intention may sometimes be inferred from the act, but this in principle is an inference of fact to be drawn by the jury, and not an implication of law to be applied by the court. The intent is generally inferable whenever the means used are such as would ordinarily result in the commission of the forbidden act. The inference may be and often is removed by the circumstances attending the act, showing the absence of a criminal intent, or an act may be accompanied with such indifference as to consequences on the part of the doer that the inference raised cannot be overcome.'' (14 Am. Jur., Criminal Law, § 23, p. 783.)

The rule is well recognized that the over-all burden of establishing the guilt of a defendant beyond a reasonable doubt never shifts from the People. (Cf. *People* v. *Sandgren,* 302 N. Y. 331, 334.) The danger of violating this rule by the trial court's use of the expression that a defendant is required to '' show '' the presence or absence of an element of the crime is fully discussed in *People* v. *Stern* (201 App. Div. 687, appeal dismissed 237 N. Y. 514).

This unfortunate use of an inept expression might ordinarily be found to be harmless error in a charge covering more than 30 pages in the printed record. However, in less than an hour after the jury retired they returned with the request that the court '' define the element of intent in regard to — is it criminal intent or general intent? '' The court again charged on general and specific intent. It charged the correct rule that if the jury found '' that even a general intent is absent from this case from the credible facts and evidence '' the verdict should be not guilty. But again the jury was circumscribed from applying this rule to all the evidence by the statement that ''If the absence of any general intent is relied upon as a defense, such absence must be shown by the accused.'' This charge was prejudicial to appellant and when repeated with the

jury seeking elucidation on the subject of intent might well have led them to believe that defendant had failed to carry the burden of proving absence of intent by his proof. Such lack of proof upon the subject might have been found, as the court had just told the jury, "from the credible facts and evidence".

The judgment of conviction should be reversed on the law and facts and a new trial granted.

All concur. Present — McCURN, P. J., WILLIAMS, BASTOW, GOLDMAN and HALPERN, JJ.

Judgment of conviction reversed on the law and facts and a new trial granted.