▋ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT SCRUGGS, Appellant.— Judgment of the Supreme Court, Kings County, rendered March 21, 1967, reversed, on the law and in the interests of justice, and new trial ordered. The findings of fact below are affirmed. In our opinion, the trial court erred in refusing to charge the jury on the crime of unlawful entry. There is some basis in the evidence upon which the jury could have found the accused innocent of burglary and yet guilty of unlawful entry, namely, his statement to the police at the scene that he had been invited into the apartment (*People* v. *Malave,* 21 N Y 2d 26). Furthermore, we believe the court committed reversible error in failing to charge the jury that corroboration is necessary where a charge of assault in the second degree with intent to commit

rape is supported by testimony of a consummated rape (*People* v. *English*, 16 N Y 2d 719). In addition, since a conviction on this particular charge of burglary in the first degree was dependent upon a finding that the accused had committed an assault upon the complainant (as opposed to a finding that he had possessed a dangerous weapon or had been aided by an accomplice), and the only evidence of an assault consisted of testimony as to a consummated rape, the trial court should have instructed the jury that corroboration was also necessary to sustain the burglary charge (cf. *People* v. *Lennon*, 22 N Y 2d 677; *People* v. *Jenkins*, 22 N Y 2d 675). As both of these charges arose out of the same assault, which was committed solely in furtherance of the ultimate goal of rape, no logical distinction can be drawn to justify the need for corroboration of one charge and not the other. It should be noted that, while appellant's purported confession might constitute the necessary corroboration (and for this reason the indictment has not been dismissed), the jury was not afforded an opportunity to reach this question. In the light of the possibility that their verdict acquitting him of the rape charge was based upon a finding that the confession did not constitute sufficient corroboration, it is imperative that we reverse the burglary and assault convictions and afford appellant a new trial. Such a disposition is compelled in the interests of justice even though no exception was taken to the erroneous jury instruction. Appellant's other claims for reversal have been examined and found to be without merit. Christ, Brennan, Rabin and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: It is the opinion of the majority of this court that reversal of the judgment and ordering a new trial is mandated by reason of (1) the refusal of the trial court to charge the jury on the crime of unlawful entry; (2) the failure of the court to charge that corroboration is necessary where a charge of assault in the second degree, with intent to commit rape, is supported by testimony of a consummated rape; and (3) the failure of the court to charge that corroboration is necessary to convict on the burglary charge. Under the circumstances of this case, I cannot concur in this conclusion. While it has been said "that if, upon any view of the facts, a defendant could properly be found guilty of a lesser degree or an included crime, the trial judge must submit such lower offense," it is equally established that "the submission of a lesser degree or an included crime is justified only where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one" (*People* v. *Mussenden*, 308 N. Y. 558, 561–562, 563). In my opinion, there is no reasonable hypothesis or version of the facts upon which appellant could be found innocent of burglary and guilty of the lesser crime of unlawful entry (cf. *People* v. *Randazzo*, 127 App. Div. 824). Since upon no reasonable view of the evidence could he have been found guilty of unlawful entry, I am of the opinion that the trial court was fully justified in refusing to charge as to that crime. With respect to the latter two grounds upon which the majority has predicated its conclusion that the conviction must be reversed, it is significant that no exception was taken to the trial court's charge that corroboration was not necessary to support a conviction on either the assault or burglary counts of the indictment. It is clear, by reason of the recent decisional law, that the jury was erroneously instructed that no corroboration was necessary in order to convict for the alleged assault. In my opinion, however, this error does not mandate a reversal. In the absence of any exception, this court has no power to reverse on the law because of defects in the charge (Code Crim. Pro., § 420-a; *People* v. *Rossi*, 11 N Y 2d 379). While we may reverse in the interest of justice regardless of objections or exceptions (cf. *People* v. *Kelly*,

12 N Y 2d 248), it is my opinion that we should decline to exercise that right on the present record (cf. *People* v. *Palmer,* 26 A D 2d 892). Furthermore, the record shows that the testimony of the complaining witness was sufficiently corroborated by other evidence, i.e., the testimony of the police officers who arrested appellant at the scene of the crime. Moreover, insofar as the charge of burglary is concerned, it is my view that there is no requirement that the complainant's testimony be corroborated in order to sustain the conviction for that crime. "Unlike the crime of assault, which to greater or lesser degree is a part of every forcible rape, there is no necessary interdependence between these two entirely distinct crimes" (*People* v. *Moore,* 23 N Y 2d 565, 567). As further stated by the Court of Appeals in *Moore* (p. 568), "Whatever rationality there may be in extending the need for corroboration for such assaults, it does not extend to the quite different crime of robbery unless we are willing to place women as witnesses in an unjustifiable position of disadvantage." In my opinion, similar considerations are herein present.